165 P.3d 228

STATE of Arizona, Appellee,

v.

Fermin Cabanas OLQUIN, Appellant.

No. 1 CA–CR 05–1270.

Court of Appeals of Arizona,
Division 1, Department E.

Aug. 21, 2007.

Review Denied Jan. 8, 2008.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Jessica L. Quickle, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Richard D. Coffinger, Glendale, Attorney for Appellant.

## OPINION

OROZCO, Judge.

¶ 1 Fermin Cabanas Olquin (Defendant) appeals his convictions on two counts of aggravated driving under the influence of alcohol (DUI), each a class 6 felony. Defendant argues that the trial court erred by denying his motion to suppress his blood alcohol concentration test results. Defendant also contends that there was insufficient evidence to support his convictions and the trial court erred in instructing the jury. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Around 9:20 p.m. on the evening of the April 22, 2005, a driver observed a pickup truck driving very erratically. Concerned that the truck might cause an accident, the driver called 9–1–1 and followed the truck while reporting its location to the 9–1–1 operator until it stopped in front of a residence.

¶ 3 Officers Cameron Weidenbach and Derrick Gallii arrived shortly after the truck stopped. The truck was parked on the wrong side of the street, crooked, with one wheel halfway up on the sidewalk. When the officers approached the truck, they observed Defendant sitting in the driver's seat with the key in the ignition and engine still running. In the backseat of the truck's extended cab were three small children. The oldest wore a seatbelt and appeared to be between ages five and nine. The two younger children-one an infant and the other a toddler between two and four years old-were secured in car seats.

¶ 4 The officers could smell a strong odor of alcohol coming from Defendant. They also noted his eyes were bloodshot and watery and he staggered while walking to the point that he had to use the truck for support. Officer Weidenbach asked Defendant how much he had to drink, and Defendant replied one beer. Based on the obvious signs of intoxication, Officer Weidenbach placed Defendant under arrest for DUI and transported him to the station for processing.

¶ 5 At the station, Defendant spoke only Spanish. Although he had some training in Spanish, Officer Weidenbach was not a certified Spanish speaking officer. Accordingly, he had Defendant read departmental forms with the *Miranda*[1] warnings and the Admin Per Se/Implied Consent Affidavit printed in Spanish. After Defendant signed the forms, Officer Weidenbach tested Defendant's blood alcohol concentration (BAC) using an Intoxilyzer 8000. The first test at 10:27 p.m.

1. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

showed a BAC of .199. A second test at 10:35 p.m. indicated a BAC of .185.

¶ 6 Defendant was charged with two counts of aggravated DUI and one count of aggravated extreme DUI as follows: count one, driving while under the influence of intoxicating liquor or drugs while his three children, all persons under the age of fifteen, were in the vehicle; count two, driving with a BAC of .08 or greater within two hours of driving, while his three children, all persons under the age of fifteen, were in the vehicle; and count three, driving with a BAC of .15 or greater within two hours of driving, while his three children, all persons under the age of fifteen, were in the vehicle.

¶ 7 Prior to trial, Defendant filed motions to suppress certain statements he made to the police and the BAC test results, claiming he had not been adequately advised of his *Miranda* rights or the right to obtain an independent blood alcohol test. Following an evidentiary hearing, the trial court denied the motions.

¶ 8 A jury found Defendant guilty on all three counts as charged. At sentencing, the trial court vacated the jury verdict as to count two on the grounds that it was a lesser-included offense of count three and placed Defendant on three years' probation on the two remaining counts. Defendant timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12–120.21.A.1 (2003), 13–4031 (2001), and –4033.A.1 (2001).

## DISCUSSION

### A. Motion to Suppress

¶ 9 Defendant argues the trial court abused its discretion by denying his motion to suppress the BAC test results because he was not advised of his right to obtain an independent test. He also contends the Department of Public Safety (DPS) failed to collect and preserve a sample of his breath.[2]

¶ 10 We will not disturb a trial court's ruling on a motion to suppress absent an abuse of discretion.[3] *State v. Spears*, 184 Ariz. 277, 284, 908 P.2d 1062, 1069 (1996). Moreover, we do not impose our own determination as to the credibility of witnesses. *State v. Soto–Fong*, 187 Ariz. 186, 200, 928 P.2d 610, 624 (1996). Accordingly, we will defer to the trial court's assessment of witness credibility because the trial court is in the best position to make that determination. *State v. Estrada*, 209 Ariz. 287, 292, ¶ 22, 100 P.3d 452, 457 (App.2004).

¶ 11 Due process requires the police inform a DUI suspect of the right to obtain an independent blood alcohol test. *Montano v. Superior Court*, 149 Ariz. 385, 389, 719 P.2d 271, 275 (1986). Defendant argues that because he was not informed of this right by a Spanish speaking officer or interpreter, he was denied due process and is entitled to suppression of the BAC test results. However, none of the cases relied on by Defendant in support of his claim of error, all of which deal with waiver of other rights,[4] hold that a suspect must be *orally* advised of his rights in his native language. Indeed, "[t]here is no requirement as to the precise manner in which the police communicate the required warnings to one suspected of crime. The requirement is that the police fully advise such a person of his rights." *Bell v. U.S.*, 382 F.2d 985, 987 (9th Cir.1967); *see also U.S. v. Sledge*, 546 F.2d 1120, 1122 (4th Cir.1977) (holding that it is "not essential" that rights be given in oral rather than written form). In *Bell*, the Ninth Circuit rejected as "absurd" a claim that the police were obliged to advise a defendant of his *Miranda* rights orally rather than in writing. 382 F.2d at 987. In other words, all the State

---

**2.** Because the State did not introduce any of Defendant's post-*Miranda* statements at trial, Defendant does not raise any issue with respect to the ruling on the motion to suppress his statements.

**3.** When reviewing a trial court's ruling on a motion to suppress, this court is limited to considering the testimony presented at the suppres-

sion hearing. *See State v. Flower*, 161 Ariz. 283, 286 n. 1, 778 P.2d 1179, 1182 n. 1 (1989).

**4.** Defendant primarily relies upon cases in which the defendant raised the issue of whether he was properly informed of his *Miranda* rights. As we have already noted, *see supra* n. 2, Defendant did not raise any *Miranda* issues in this appeal.

must show is that the suspect was informed of his rights in a manner sufficient to make him aware of his rights. *Id.; see also State v. Rivera*, 152 Ariz. 507, 513, 733 P.2d 1090, 1096 (1987) (holding that to satisfy *Miranda*, "the State must show that defendant understood his rights").

¶ 12 In this case, the trial court found Defendant was properly advised in Spanish of his right to obtain an independent blood alcohol test and denied the motion to suppress. We hold there was sufficient evidence in the record to support this finding and affirm the trial court's denial of Defendant's motion to suppress.[5]

¶ 13 Officer Weidenbach testified about the procedures he followed to ensure Defendant was informed of his rights. Officer Weidenbach is not a certified Spanish speaking officer, but completed two years of Spanish in high school and one semester in college and is able to give some commands in Spanish. Because he was not fluent in Spanish, Officer Weidenbach had Defendant read the *Miranda* warnings, the admin per se advisory, and the independent blood alcohol test advisory from departmental forms with the advisories printed in Spanish. At no time did Defendant ever tell the officer that he could not read or that he did not understand what he had read.[6]

¶ 14 Officer Weidenbach testified he asked Defendant to read the form advising Defendant of his right to obtain an independent blood alcohol test, and then asked Defendant, speaking in Spanish, if Defendant understood the form and Defendant responded he did. After asking Defendant if he understood the form, Officer Weidenbach asked him to sign his name on the form, which Defendant did.

¶ 15 At the suppression hearing, Defendant testified he signed the forms, even though he was not able to read them because

Officer Weidenbach told him to sign them. Defendant testified he is unable to read either Spanish or English and only has two or three years of education. However, Defendant admitted he never told Officer Weidenbach he could not read Spanish, nor requested a Spanish speaking officer. Defendant denied Officer Weidenbach asked him if he understood the forms he signed or informed him of his right to an independent blood alcohol test.

¶ 16 Under these circumstances, Defendant's testimony to the contrary notwithstanding, the trial court could reasonably find that Defendant was properly informed of, and understood, his right to an independent blood alcohol test. *See U.S. v. Gonzales*, 749 F.2d 1329, 1336 (9th Cir.1984) (noting that even if an officer spoke "very poor Spanish" and appellant spoke "very poor English," a written Spanish-language waiver form "would have conveyed to appellant a sufficient understanding of his rights"). Thus, the trial court acted within its discretion in denying Defendant's motion to suppress.

¶ 17 We also do not find error in denying Defendant's motion to suppress based on DPS's failure to collect and preserve a sample of Defendant's breath. As the State points out, DPS was not statutorily required to preserve a sample of Defendant's breath because it administered duplicate breath tests, *see supra* ¶ 5, and gave Defendant a reasonable opportunity to arrange for an independent test. *See* A.R.S. § 28–1388.-B, .C (2004).

## B. Sufficiency of Evidence

¶ 18 Pursuant to A.R.S. § 28–1383.A.3 (Supp.2006), a person is guilty of aggravated DUI when the person commits a violation of A.R.S. §§ 28–1381 (Supp.2006) or –1382

---

5. Upon review of the trial court's findings, it appears the court may have mistakenly believed Officer Weidenbach informed Defendant in Spanish of his right to an independent blood test. Officer Weidenbach, however, testified he advised Defendant of this right by having him read the Spanish language version of the independent test advisory. However, we are obligated to affirm the lower court's ruling even if it reached the correct result for the wrong reason. *State v.*

*Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984); *State v. Cantu*, 116 Ariz. 356, 358, 569 P.2d 298, 300 (App.1977).

6. With regards to the *Miranda* warnings, Officer Weidenbach testified "from everything [he] could tell [Defendant] was actually reading the form" because he was following each line with his finger and mumbled some of the words out loud.

(Supp.2006) "[w]hile a person under fifteen years of age is in the vehicle." In charging Defendant with aggravated DUI under A.R.S. § 28–1383.A.3, the state alleged that he committed his DUI offenses while his three children "persons under fifteen years of age, were in the vehicle." At trial, the officers testified as to the presence of the children in Defendant's truck and the fact that they were under the age of fifteen. No evidence was introduced, however, regarding the names of the children. Defendant contends that, because the children were the "victims" of the offenses, the absence of proof of their identity renders the evidence insufficient to support his convictions for aggravated DUI.

¶ 19 Whether a victim is an element of an offense is a matter of law and statutory construction, which we review de novo. *State v. Tschilar*, 200 Ariz. 427, 435, ¶ 32, 27 P.3d 331, 339 (App.2001).

¶ 20 Our primary goal in interpreting a statute is to give effect to the intent of the legislature. *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). As with all statutory interpretation, in determining whether a victim is an element of an offense, we first consider the plain language of the statute before turning to other factors. *Tschilar*, 200 Ariz. at 434–35, ¶¶ 25, 34, 27 P.3d at 338–39.

¶ 21 A victim is an essential element of an offense when the language of the statute defining the offense provides that the prohibited conduct "be committed *against* 'another person.'" *Id.* at 435, ¶ 34, 27 P.3d at 339 (citing statutory definitions of kidnapping and aggravated assault) (emphasis added). When an offense is defined in such a manner, the victim is a distinguishing factor and the identity of the victim therefore is an element of the offense. For example, the robbery of victim A is a different and separate offense than the robbery of victim B even if committed simultaneously, and a defendant can be charged and punished separately for each offense. *See State v. Gantt*, 108 Ariz. 92, 94, 492 P.2d 1199, 1201 (1972) (citation omitted); *see also State v. Henley*, 141 Ariz. 465, 467, 687 P.2d 1220, 1222 (1984) (holding two offenses of assault occurred where one gunshot struck two victims).

¶ 22 Section 28–1383.A.3 does not define the offense of aggravated DUI as being committed against another person. As Defendant acknowledges, DUI is considered a victimless crime in that it can be committed without the involvement of any other person. *See State v. Sorkhabi*, 202 Ariz. 450, 453, ¶ 11, 46 P.3d 1071, 1074 (App.2002) (observing that a "victimless crime" is "a crime which generally involves only the criminal, and which has no direct victim") (quoting Black's Law Dictionary 1567–68 (6th ed.1990)). The rationale for the criminalization of driving under the influence is the *potential* risk of injury or damage that arises from operation of a vehicle while under the influence. *See Weston v. State*, 49 Ariz. 183, 186, 65 P.2d 652, 654 (1937) (noting DUI legislation enacted because "driving an automobile under these circumstances is such a menace to public safety"). No proof is required that the defendant cause or intend to cause any injury or damage for a conviction of DUI. *See* A.R.S. § 28–1381.A.

¶ 23 In providing for an aggravated form of DUI where the offense occurs "[w]hile a person under fifteen years of age is in the vehicle," A.R.S. § 28–1383.A.3 does not alter the essential nature of the offense. The prohibited conduct stills remains the driving or physical control of a vehicle while under the influence of intoxicating liquor or other substances. Like an ordinary DUI, there is no requirement in A.R.S. § 28–1383.A.3 that a defendant cause or intend to cause any injury or damage. A person in the vehicle under the age of fifteen is no more harmed by the offense than any other passenger in the vehicle or any other person placed at risk as a result of the prohibited conduct. In short, the presence of a passenger under the age of fifteen in the vehicle is merely a factual circumstance that justifies increased punishment because such conduct is considered by the legislature to be more blameworthy in much the same manner as engaging in such conduct on a suspended license or for a third or more time within eighty-four months. *See* A.R.S. § 28–1383.A.1, .2.

¶ 24 If the interpretation of A.R.S. § 28–1383.A.3 urged by Defendant were to be adopted, a person driving under the influence could be charged and convicted of multiple separate offenses for each person under the age of fifteen in the vehicle. The language of this statute simply does not support such a construction. *See State v. Powers,* 200 Ariz. 123, 126–27, ¶¶ 10–12, 23 P.3d 668, 671–72 (App.2001) (holding A.R.S. § 28–661, leaving the scene of an injury accident, only permits conviction for one offense, even when multiple persons are injured), *aff'd,* 200 Ariz. 363, 26 P.3d 1134 (2001). Accordingly, the State is not required to prove the identity of the person or persons under the age of fifteen in the vehicle to obtain a conviction under this statute.

¶ 25 Defendant's reliance on *State ex rel. Romley v. Superior Court,* 184 Ariz. 409, 909 P.2d 476 (App.1995), is misplaced. In *Romley,* this court held that the owner of a car that had been damaged in an accident caused by an impaired driver could invoke the Victims' Bill of Rights and refuse a defense interview. 184 Ariz. at 410–11, 909 P.2d at 477–78. Whether a person qualifies as a victim under the statutory definition applicable to the Victim's Bill of Rights does not determine whether a victim is an element of the offense. A person can be considered a "victim" of an offense for certain purposes such as victim's rights, even where the statute defining the offense does not include a victim as a necessary element of the offense. *State v. Guilliams,* 208 Ariz. 48, 52, ¶ 14, 90 P.3d 785, 789 (App.2004) ("[E]ven a so-called 'victimless' crime can result in a victim entitled to a restitution award."). It is only when a victim is a "necessary element" of the offense that the State must allege and prove the identity of the victim as an element of the offense. *Tschilar,* 200 Ariz. at 435, ¶ 34, 27 P.3d at 339 (noting "other offenses, even if involving victims, do not necessarily refer to the victim as an element of the offense").

¶ 26 Defendant also cites to *State v. May,* 210 Ariz. 452, 112 P.3d 39 (App.2005), in support of his position. In *May,* the defendant was convicted of aggravated DUI under A.R.S. § 28–1383.A.3 based on having a person under the age of fifteen in his car at the time of the offense. 210 Ariz. at 453, ¶ 1, 112 P.3d at 40. On appeal, Division Two of this court reversed the defendant's conviction on the grounds that the trial court erroneously admitted hearsay testimony regarding a statement by the passenger's putative father to the arresting officer that the passenger was under fifteen. *Id.* at 458, ¶¶ 22–23, 112 P.3d at 45. The only other evidence of the passenger's age presented at trial was the arresting officer's testimony that the passenger exhibited certain physical attributes shared by other individuals under the age of eighteen. *Id.* at ¶ 22. Therefore, without the inadmissible hearsay testimony, the evidence was insufficient to establish that the passenger was under the age of fifteen. *Id.* at ¶ 23.

¶ 27 At no point in *May* was the alleged person under the age of fifteen described as the victim of the DUI offense; he was simply referred to as the "male passenger." Moreover, in setting forth the circumstances giving rise to the State's use of hearsay testimony to establish his age, the court specifically mentioned the State's failure to "identify or locate the passenger," but did not view the failure to prove the identity of the passenger fatal to the conviction. *Id.* at 456, ¶ 11, 112 P.3d at 43. To the contrary, the court held that because reversal was required due to the erroneous admission of hearsay testimony as to the age of the unidentified passenger and not insufficiency of evidence to support the finding of guilt, the State was not precluded from retrial on remand. *Id.* at 459, ¶ 26, 112 P.3d at 46 (citations omitted). If the identity of the passenger under the age of fifteen was an essential element of the offense, the prohibition against double jeopardy would have barred a second trial on the charge. *Id.* at ¶¶ 25–26; *see also State v. Moody,* 208 Ariz. 424, 438–39, ¶¶ 25–26, 94 P.3d 1119, 1133–34 (2004). Thus, *May* supports our conclusion that the identity of the passenger under the age of fifteen is not an element of aggravated DUI under A.R.S. § 28–1383.A.3.

¶ 28 In contrast with the facts of *May,* the testimony by the officers in the present case demonstrated that the children in Defendant's truck were all under the age

of ten, with one being a toddler and another an infant. Thus, the evidence was more than sufficient to permit the jury to find beyond a reasonable doubt that Defendant committed DUI while a person under the age of fifteen was in the vehicle. Consequently, there was no error by the trial court in denying Defendant's motion for judgment of acquittal on the charges of aggravated DUI.

## C. Jury Instructions

¶ 29 Defendant also maintains the trial court erred by refusing to give his requested instructions that required the State to prove the names of the children in the vehicle as an element of the charged offenses. Given our holding that the identity of the person under the age of fifteen is not an element of the offense of aggravated DUI in violation of A.R.S. § 28–1383.A.3, there was no error by the trial court in refusing to instruct the jury as requested by Defendant. *State v. Miller,* 173 Ariz. 421, 424, 844 P.2d 588, 591 (App. 1992), *vacated on other grounds,* 178 Ariz. 555, 875 P.2d 788 (1994).

## CONCLUSION

¶ 30 For the above stated reasons, we affirm Defendant's convictions and sentences.

CONCURRING: MICHAEL J. BROWN and PATRICIA K. NORRIS, Judges.

