IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,        )    2 CA-CR 2012-0296-PR
                             )    DEPARTMENT A
              Respondent,    )
                             )    O P I N I O N
        v.                   )
                             )
JOSÉ DEJESUS VILLEGAS-ROJAS, )
                             )
              Petitioner.    )
_____)

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF YAVAPAI COUNTY

Cause No. P1300CR201000697

Honorable Celé Hancock, Judge

REVIEW GRANTED; RELIEF DENIED

Sheila Sullivan Polk, Yavapai County Attorney
  By Bill R. Hughes                                            Prescott
                                             Attorneys for Respondent

C. Kenneth Ray II, P.C.
  By C. Kenneth Ray II                                        Prescott
                                              Attorney for Petitioner

H O W A R D, Chief Judge.

¶1        Pursuant to a plea agreement, petitioner José Villegas-Rojas pled guilty to

aggravated driving under the influence of an intoxicant and felony endangerment, in

exchange for the dismissal of one other count. The trial court sentenced him to presumptive, concurrent sentences, the longer of which is 4.5 years. Villegas-Rojas filed a petition for post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P., claiming the factual basis for the endangerment charge was insufficient as a matter of law and his conviction was the product of ineffective assistance of counsel and prosecutorial and judicial error.

¶2		The trial court dismissed Villegas-Rojas's challenge to the endangerment conviction and denied his motion for rehearing, or, in the alternative, for clarification of ruling. This petition for review followed. "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d 945, 948 (App. 2007). We find no such abuse here.

¶3		Count three of the information states Villegas-Rojas "recklessly endangered unnamed motorists on southbound I-17 . . . with a substantial risk of imminent death, using a dangerous instrument, to-wit: a vehicle, in violation of A.R.S. §§ 13-1201 and 13-704, a class 6 felony." At the change-of-plea hearing, in response to the trial court's inquiry whether the state had complied with the victim's rights, the prosecutor responded, "The victim was never identified in this matter." As part of the factual basis for the guilty plea, Villegas-Rojas acknowledged he had consumed alcohol before driving with a suspended license on Interstate 17 on the day in question. He also responded to questions from the court as follows:

Q   Now, the endangerment offense, I assume that there were other people on the road at that time; is that true, sir?

A   In the car with me.

Q   Or maybe other people . . . driving vehicles around on I-17 at that point?

A   Yeah, there was.

Q   What I'm going for is, I need to have a factual basis for this charge of endangerment.

So endangerment means that maybe not intentionally or knowingly but recklessly you placed other people in a situation where there was a substantial risk they could have been killed because of your driving I gather; is that correct?

A   Yes, Your Honor.

Q   Do you know, were there other people in other vehicles?   Was somebody in your car?   What was the situation?

A   There was my cousin in the car with me.

THE COURT:   All right.   [Prosecutor], as to this endangerment charge, what are we dealing with?

[The Prosecutor]:   The State also had information that if this went to trial, that the officer that pulled the defendant over saw the defendant make an aggressive unsafe lane change between two commercial vehicles prior to exiting off the freeway and putting the two vehicles in danger by making [an] . . . unsafe lane change between the two vehicles.

¶4   The trial court found the guilty plea to have been entered knowingly, intelligently, and voluntarily.  At sentencing, the prosecutor stated without objection:

3

I know the presentence report referenced the probable cause statement for the officer's version which is [a] very abbreviated . . . version [of] what's in the police report, but you had a high level of intoxication at over a hundred mile an hour speed. I think it was 111 miles an hour, that cut off a semi-truck in a very dangerous way.

We note the officer's probable cause statement, which presumably corroborated the facts summarized by the prosecutor and apparently was attached to the presentence report, is not part of the record available to us on review.[1]

¶5 At the sentencing hearing, the trial court noted that "endangerment . . . implies a victim," and then asked if anyone was present on behalf of the victims, to which the prosecutor responded, "Nobody was able to find the name of the semi-truck driver that was cut off. That is an unknown victim." Defense counsel then requested a mitigated sentence because "there ultimately [are] no victims in this case. Nobody got hurt." Before sentencing, the court told Villegas-Rojas:

[Y]our conduct in this case is chilling . . . and it was you that lifted the bottle and drank the alcohol. It was you that put your hands on the wheel and your right foot on the accelerator. You did those things, and clearly you endangered yourself and other people on I-17 conducting yourself that way.

¶6 In his petition for review, Villegas-Rojas contends, as he did below, that in the absence of an "identified victim," his endangerment conviction is legally insufficient. He further asserts his guilty plea was "the product of ineffective assistance of counsel"

---

[1]It is Villegas-Rojas's responsibility to ensure the record "contains the material to which he takes exception," *State v. Wilson*, 179 Ariz. 17, 19 & n.1, 875 P.2d 1322, 1324 & n.1 (App. 1993), and missing parts of the record generally are presumed to support the trial court's ruling, *see State v. Printz*, 125 Ariz. 300, 304, 609 P.2d 570, 574 (1980).

and prosecutorial and judicial error. To establish a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below prevailing professional norms and also that the outcome of the case would have been different but for the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *State v. Nash*, 143 Ariz. 392, 397, 694 P.2d 222, 227 (1985). We do not consider claims of ineffective assistance of counsel for a pleading defendant except to the extent they relate to the validity of his plea. *State v. Quick*, 177 Ariz. 314, 316, 868 P.2d 327, 329 (App. 1993) (by entering guilty plea defendant waives all nonjurisdictional defects, including claim of ineffective assistance of counsel, except those relating to validity of plea).

¶7 Noting that no victim was identified in the information and that the state advised the trial court no named victim had been identified, Villegas-Rojas argues either his attorney should have challenged the absence of an identified victim or the state should have withdrawn the endangerment charge. The court, however, explained its ruling as follows:

> Specifically, Defendant claims that the factual basis for his plea of guilty to endangerment was insufficient since "unnamed motorists" were named as victims but could not be identified. Throughout the plea colloquy and sentencing, both counsel for the State and counsel for Defendant indicated that they had been unable to specifically identify the "unknown motorists." However, Officer Soto specifically observed Defendant's driving and observed that the Defendant was traveling at a very high rate of speed and made an aggressive unsafe lane change between two commercial vehicles, putting those vehicles in danger. The State also alleges that the

5

passenger in the vehicle was also endangered by Defendant's actions.

The Court concurs with the State that, pursuant to A.R.S. § 13-1201(A), endangerment does not require that the person endangered be actually physically injured or even be aware that they were endangered. *State v. Morgan*, 128 Ariz. 362, 625 P.2d 951 (App. 1981). For example, in a disorderly conduct situation, where the peace of a neighbor has been disturbed, the entirety of the neighborhood or a group of people at the scene are usually not identified by individual name. As pointed out by the State, an individual who obstructs a public roadway may put unidentified individuals in danger, but simply because those individuals are not named individually, it does not negate the crime.

The essence of this Petition for Post-Conviction Relief, however, lies in Defendant's responses during both the change of plea colloquy and the sentencing. Judge Kiger and the Defendant had the following exchange at the change of plea: [omitted portion quoted above]

. . . .

The Defendant *admitted* at the plea colloquy that he endangered the lives of other motorists around him. The officer involved in the case also *observed* the Defendant's driving behavior and the State avowed that at trial, the officer would be able to testify that the driving behavior endangered those other motorists. Finally, the Defendant had a passenger in the car, admitted he had a passenger in the car, and then went on to confirm that his driving had endangered others on the road which would include a named victim, the passenger in his car.

¶8        Arguing the trial court both incorrectly relied on *State v. Morgan*, 128 Ariz. 362, 625 P.2d 951 (App. 1981), for the proposition that an identified victim is not an element of the offense of endangerment, and failed to refer to *State v. Olquin*, 216 Ariz. 250, 165 P.3d 228 (App. 2007), Villegas-Rojas urges us to vacate his endangerment

6

conviction. In *Morgan*, considering whether certain offenses, including endangerment, are lesser-included offenses of aggravated assault, this court stated that endangerment does not require a victim be aware of the actor's conduct, the very proposition for which the court cited this case. *See Morgan*, 128 Ariz. at 366-67, 625 P.2d at 955-56. Merely because a victim is a necessary element of proof for endangerment does not mean that the name of the victim is a necessary element of the offense. Indeed, § 13-1201(A) provides: "A person commits endangerment by recklessly endangering another person with a substantial risk of imminent death or physical injury." Thus, although the statute makes it clear the offense of endangerment is reckless behavior placing another person at risk, it does not require or imply that the name or exact identity of the victim is a necessary element of the offense. *See, e.g.*, *State v. Bell*, 923 P.2d 524, 528 (Mont. 1996) (identification of particular victim not element of criminal endangerment); *Scott v. Harris*, 550 U.S. 372, 383 (2007) (noting flight by speeding automobile posed "extreme danger to human life").

¶9  In *Olquin*, this court decided aggravated driving while a person under fifteen years of age is in the vehicle is a victimless crime. *Olquin*, 216 Ariz. 250, ¶¶ 22-24, 165 P.3d at 232-33. Therefore, it did not need to consider whether the name of the victim would be a necessary part of an element of an offense requiring a victim. The statement on which Villegas-Rojas relies, that "the identity of the victim therefore is an element of the offense," was dicta. *Id.* ¶ 21. And *State v. Tschilar*, 200 Ariz. 427, ¶ 34, 27 P.3d 331, 339 (App. 2001), on which *Olquin* relies for the general proposition that a

7

victim is an element of a crime against another person, does not state that the name of the victim is a necessary element. *Olquin*, 216 Ariz. 250, ¶ 21, 165 P.3d at 232. Furthermore, the court in *Olquin* did not consider whether a factual identification of the victim was sufficient in the absence of a name. *Olquin* therefore does not support Villegas-Rojas's position.

¶10 The factual basis for Villegas-Rojas's change of plea included that a specific semi-truck driver and Villegas-Rojas's cousin had been endangered. Villegas-Rojas does not appear to dispute that there were victims in this matter, only that their names were not part of the record. We conclude the victims' names were not required in this situation. And because the names were not required for a legally sufficient factual basis, counsel was not ineffective, and neither the prosecutor nor the court accepting the plea erred.

¶11 The trial court did not abuse its discretion in dismissing the petition for post-conviction relief or in denying the motion for rehearing. Therefore, although we grant Villegas-Rojas's petition for review, we deny relief.

/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

CONCURRING:

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge

/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge

*A retired judge of the Arizona Court of Appeals authorized and assigned to sit as a judge on the Court of Appeals, Division Two, pursuant to Arizona Supreme Court Order filed August 15, 2012.