NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRANDON COLORADO, *Appellant.*

No. 1 CA-CR 15-0842
FILED 8-25-2016

Appeal from the Superior Court in Coconino County
No. S0300CR201500369
The Honorable Cathleen Brown Nichols, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

Brandon Colorado, Florence
*Appellant*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Randall M. Howe and Judge Andrew W. Gould joined.

**J O H N S E N**, Judge:

**¶1** This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Brandon Colorado's convictions of two counts of sexual conduct with a minor, both Class 2 felonies; one count of child molestation, a Class 2 felony; and one count of threatening and intimidating, a Class 1 misdemeanor. Colorado's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999). Colorado has filed a supplemental brief identifying various issues, which we address below. After reviewing the entire record, we affirm Colorado's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** During the summer of 1996, Colorado sexually abused the victim, who was five years old at the time.[1] The victim reported the abuse in 2014. The State charged Colorado with ten counts of sexual conduct with a minor, one count of child molestation and one count of threatening or intimidating. At a bench trial, the State presented testimony from the victim and her family, as well as an expert witness who testified about child victims of sexual abuse.[2] The superior court convicted Colorado of two counts of sexual conduct with a minor, one count of child molestation and one count of threatening and intimidating, and sentenced Colorado to a total of 43 years' imprisonment.

---

[1] Upon review, we view the facts in the light most favorable to sustaining the verdicts and resolve all inferences against Colorado. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

[2] Colorado waived his right to a trial by jury.

¶3            Colorado timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033 (2016).[3]

## DISCUSSION

### A.      Issues Raised in Supplemental Brief.

¶4            Colorado argues his due process rights were violated because the indictment failed to set forth each of the elements of the charges against him. The purpose of an indictment is to give the defendant notice of the offenses charged so that he may prepare a defense. *See State v. Self*, 135 Ariz. 374, 380 (App. 1983). It is too late for Colorado to raise any objection to the indictment; any such objection is forfeited if not raised at least 20 days before trial. *State v. Paredes-Solano*, 223 Ariz. 284, 287, ¶ 6 (App. 2009); Ariz. R. Crim. P. 13.5(e), 16.1(b).[4]

¶5            Colorado also argues ineffective assistance of counsel in connection with the allegedly deficient indictment. In a direct appeal, this court will not consider a claim of ineffective assistance of counsel; that is an issue for a Rule 32 post-conviction proceeding. *See State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007).

¶6            After the deadline for filing a supplemental brief passed, Colorado filed several other documents with this court. To the extent these filings purport to challenge the grand jury proceedings, any objections are untimely. *See* Ariz. R. Crim. P. 12.9(b) (challenges to grand jury proceedings must be filed within 25 days after arraignment or after the certified transcript and minutes are filed); *see also State v. Smith*, 123 Ariz. 243, 248 (1979) ("A defendant waives his objections to the grand jury proceeding by failing to comply with the timeliness requirement.").

¶7            To the extent Colorado means to challenge the sufficiency of the evidence or the credibility of the witnesses, we will not reweigh the evidence on appeal. *See State v. Tison*, 129 Ariz. 546, 552 (1981). Moreover,

---

[3]      Absent material revision after the date of an alleged offense, we cite a statute's current version.

[4]      Colorado seems to argue he was not properly served with a copy of the indictment, but he was given notice of the charges at his arraignment, where the court advised him of the allegations contained in the charging document.

because the superior court was in the best position to assess witness credibility, we defer to its findings. *See State v. Olquin*, 216 Ariz. 250, 252, ¶ 10 (App. 2007). The record contains sufficient evidence to support Colorado's convictions.

¶8 Colorado also makes some arguments regarding his mental health. To the extent Colorado means to argue the court should have considered his mental health when it sentenced him, the court did just that: It heard testimony regarding Colorado's mental health issues and found them to be a mitigating circumstance. Colorado may mean to argue he was not competent to stand trial. The court ordered Colorado be evaluated pursuant to Rule 11 and received a psychologist's recommendation that he was competent to stand trial. *See* Ariz. R. Crim. P. 11.2. We review the superior court's finding of competency for an abuse of discretion and will affirm if there is reasonable evidence to support the court's finding. *See State v. Glassel*, 211 Ariz. 33, 44, ¶ 27 (2005). We cannot say the superior court abused its discretion in finding Colorado competent to stand trial.

**B. Due Process Review.**

¶9 The record reflects Colorado received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The court held appropriate pretrial hearings. The court found that Colorado knowingly and voluntarily waived his right to a jury trial. At the trial to the court, the State presented both direct and circumstantial evidence sufficient to allow the court to convict. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal sentences for the crimes of which Colorado was convicted.

**CONCLUSION**

¶10 We have reviewed the entire record for reversible error and find none, and therefore affirm the convictions and resulting sentences. *See Leon*, 104 Ariz. at 300.

¶11 After the filing of this decision, defense counsel's obligations pertaining to Colorado's representation in this appeal have ended. Defense counsel need do no more than inform Colorado of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Colorado has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Colorado has 30

days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



Amy M. Wood • Clerk of the court
FILED:  AA