NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

CHRISTOPHER MICHAEL REGENOLD, *Petitioner.*

No. 1 CA-CR 16-0436 PRPC
FILED 9-26-2017

---

Appeal from the Superior Court in Maricopa County
No. CR2014-113190-001
The Honorable Michael W. Kemp, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Christopher Michael Regenold, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer B. Campbell joined.

---

**B R O W N**, Judge:

¶1        Christopher Michael Regenold petitions this court for review from the dismissal of his petition for post-conviction relief of-right.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        Regenold, who had previously been convicted of luring a minor for sexual exploitation, was charged with ten counts of sexual exploitation of a minor after authorities found numerous images of child pornography on his computer.  Regenold pled guilty to one count of sexual exploitation of a minor, a dangerous crime against children, and three counts of attempted sexual exploitation of a minor, also dangerous crimes against children.  The superior court accepted the plea and sentenced Regenold to a 20-year prison term for the sexual exploitation of a minor offense, followed by lifetime probation for the attempted offenses.

¶3        Regenold timely commenced post-conviction relief of-right proceedings, and elected to represent himself.  He presented three claims, all of which rested on his mistaken belief that an identified victim is an element of sexual exploitation of a minor pursuant to Arizona Revised Statutes ("A.R.S.") section 13-3553(A)(2).  He asserted that (1) because the State failed to present any evidence of the identities of the victims depicted in the images he possessed, the evidence was insufficient as a matter of law to support a factual basis for his convictions; (2) because the indictment failed to allege the victims' identities, the indictment was jurisdictionally defective and the superior court lacked jurisdiction to render judgment or impose sentence; and (3) because the evidence was insufficient as a matter of law to support a factual basis for his convictions, he is actually innocent and entitled to relief pursuant to Arizona Rule of Criminal Procedure 32.1(h).

¶4        The State responded that neither the relevant statutes nor case law require proof of the identity of the minor depicted in the image as an element of sexual exploitation of a minor.  The superior court agreed, finding that the "statutes in question (A.R.S. § 13-3551 and 13-3553) do not require any such identification.  The only requirement is that the victim must be under the age of eighteen years and be an actual human being rather than a fictitious or simulated person."  The court denied Regenold's motion for rehearing, and this petition for review followed.

¶5        Absent an abuse of discretion or error of law, we will not disturb a superior court's ruling on a petition for post-conviction relief.

*State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). Regenold has not shown any abuse of discretion or error of law.

**¶6**        On review, Regenold argues that the superior court abused its discretion when it failed to follow *State v. Olquin*, 216 Ariz. 250 (App. 2007), which Regenold claims directly supports his position that the identity of the "actual minor" depicted in the image is an element of sexual exploitation of a minor. This argument lacks merit. *Olquin* stands for the proposition that a victim's identity is an element of a criminal offense when the language of the statute defining the offense provides that the prohibited conduct is committed against another person. *Id.* at 254, ¶ 21. Regenold's crimes were not committed "against another person." His crimes were committed by possessing contraband. In other words, the relevant portion of A.R.S. § 13–3553(A)(2) does not prohibit *conduct* against another person. It only requires proof that Regenold "possess[ed] . . . any visual depiction in which a minor is engaged in exploitative exhibition or other sexual conduct." A.R.S. § 13–3553(A)(2).

**¶7**        To the extent Regenold relies on the fact that his crimes were dangerous crimes *against* children to support his argument, we reject the argument because a "dangerous crime against children" is not a criminal offense; it is merely a classification and designation of certain criminal offenses subject to more severe penalties. *See* A.R.S. § 13–705; *State v. Wagstaff*, 164 Ariz. 485, 490 (1990) (explaining that the legislature's purpose in enacting the Dangerous Crimes Against Children Act was to protect children and provide for more severe punishments for crimes against them).

**¶8**        Based on the foregoing, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA