NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EDGAR GUTIERREZ, *Appellant.*

No. 1 CA-CR 20-0150
FILED 10-22-2020

Appeal from the Superior Court in Yuma County
No. S1400CR201900534
The Honorable Roger A. Nelson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Yuma County Legal Defender's Office, Yuma
By Kristin McManus
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Maurice Portley[1] joined.

---

**W I N T H R O P**, Judge:

¶1          Edgar Gutierrez ("Gutierrez") was convicted of misdemeanor endangerment.  He appeals the trial court's denial of his motion for judgment of acquittal, arguing there was insufficient evidence of the existence of a victim and of a culpable mental state to support the verdict. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2          In May 2019, Yuma Police Officer Cerecedo observed a burgundy-colored Honda Civic sedan he suspected was speeding and began following the car to confirm its speed.  While following the car, Officer Cerecedo also observed the driver of the vehicle fail to make a complete stop at a stop sign.

¶3          Officer Cerecedo followed the car—still traveling at a high rate of speed—into a residential neighborhood and attempted to initiate a traffic stop.  As the Honda was pulling into a residential driveway, Officer Cerecedo activated his emergency lights and positioned the patrol car approximately ten feet behind the Honda.  As Officer Cerecedo was exiting his patrol vehicle to approach, the car rapidly accelerated in reverse and collided with the front of the patrol car, pushing it backward approximately one foot and damaging both vehicles.

¶4          Shortly after the collision, two individuals, an adult male driver and a female passenger, partially exited the car with their hands raised.  The passenger appeared to be in pain and shortly after exiting the vehicle was clutching her abdomen and lower back.  Officer Cerecedo instructed the passenger to step away from the vehicle and await further instruction.  Once additional officers arrived on scene, they approached the

---

[1]     The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

car and confirmed there were no other passengers inside. The male driver was handcuffed, placed into the backseat of a patrol vehicle, and identified as Edgar Gutierrez.

¶5 Sometime later, medical personnel arrived on scene and evaluated the passenger, following which both Gutierrez and the passenger were transported to Yuma Regional Medical Center for any needed medical attention.

¶6 A grand jury subsequently indicted Gutierrez on two counts of aggravated assault (Count 1 and Count 2), one count of criminal damage (Count 3), and one count of misdemeanor endangerment (Count 4). Following a jury trial, Gutierrez was found not guilty of Counts 1, 2, and 3, but was found guilty of Count 4 and was sentenced to twenty-four months of unsupervised probation.

¶7 Gutierrez filed a timely appeal and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## ANALYSIS

¶8 Gutierrez argues the superior court erred in denying his motion for judgment of acquittal on the basis that there was insufficient evidence to support a finding of endangerment pursuant to A.R.S. § 13-1201(A).

¶9 We review *de novo* the sufficiency of the evidence to determine whether the record contains substantial evidence to warrant a conviction, as well as the denial of a motion for judgment of acquittal on that basis. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). The relevant question on review is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Mathers*, 165 Ariz. 64, 66 (1990) (emphasis in original). We review the evidence "in the light most favorable to sustaining the conviction." *State v. Lee*, 189 Ariz. 608, 615 (1997).

### I. Existence of an Identifiable Victim

¶10 First, Gutierrez argues the State failed to provide evidence of an identifiable victim of the alleged conduct. Gutierrez contends that, because the endangerment allegation in the indictment identified "J.R." as

the victim, there needed to be clear and convincing evidence showing the identity of the alleged victim was, in fact, J.R.

¶11            Misdemeanor endangerment requires proof that the defendant's conduct placed "another person" at risk of physical injury. A.R.S. § 13-1201(A). Based on the plain language of the statute, a victim is a necessary element of endangerment, but the victim's name or exact identity is not required. *State v. Villegas-Rojas*, 231 Ariz. 445, 447, ¶ 8 (App. 2012) (holding that, while the statute requires another person be placed at risk, the name or exact identity of the victim is not a required element); *State v. Tschilar*, 200 Ariz. 427, 435, ¶ 34 (App. 2001) (stating that a victim is a necessary element where the statute required the prohibited conduct be committed against "another person"). The existence of a victim can be supported by substantial evidence that is direct or circumstantial. *West*, 226 Ariz. at 562, ¶ 16.

¶12            Here, the record includes substantial evidence for a rational trier of fact to find that there was another person—the passenger—who was at risk of physical injury. A witness standing "five or ten feet" from the incident testified to seeing a female passenger immediately exit the vehicle following the collision. Police officer video footage admitted at trial also showed a female clutching her abdomen and lower back in seeming pain after exiting the front passenger side of Gutierrez's car. Photos admitted into evidence show the same female passenger sitting at the scene of the incident and then later show her in a hospital bed[2] with fetal monitors attached to her abdomen. The arresting officer observed the female passenger may have been pregnant and affirmed he was aware "that [J.R.] and Mr. Gutierrez were transported to be cleared medically at the Yuma Regional Medical Center."

¶13            In this case, the record reflects there was a female passenger in Gutierrez's car prior to and at the time of the collision. Although the victim was not explicitly identified by the State at trial by her first and last name,[3] a rational trier of fact could reasonably infer from the testimony and

---

[2]        Photographs in Exhibit 1 show the female passenger receiving medical care in a hospital bed, wearing a visible identifying wristband that includes a first and last name, based on which a jury could reasonably infer the identity of this female to be "J.R."

[3]        While arguments are not considered evidence, defense counsel in her statements to the jury repeatedly identified the passenger by her first

other evidence presented that the female passenger shown in photo and video evidence, and referenced in applicable testimony by her last name, was the victim identified in the indictment as "J.R." Viewing the evidence in the light most favorable to sustaining the conviction, we find there was sufficient evidence of a victim for the purposes of endangerment. *See Lee*, 189 Ariz. at 615.

II. *Culpable Mental State*

¶14 Second, Gutierrez argues the State failed to show he acted recklessly—in a manner that disregarded a risk that his conduct could cause physical injury.

¶15 Misdemeanor endangerment requires a showing of a reckless mental state and the creation of a risk of physical injury. *See* A.R.S. § 13-1201(A). For the purposes of this offense, a reckless mental state exists when the defendant is aware of and consciously disregards the risk that his or her conduct will result in physical injury. A.R.S. § 13-105(10)(c). To satisfy the elements of endangerment, the victim must be placed in actual risk of injury but need not be physically injured or aware of the actor's conduct. *State v. Carreon*, 210 Ariz. 54, 63, ¶ 42 (2005); *State v. Doss*, 192 Ariz. 408, 411, ¶ 7 (App. 1998); *State v. Morgan*, 128 Ariz. 362, 367 (App. 1981).

¶16 Here, the record includes substantial evidence to support a finding that Gutierrez possessed a reckless mental state in his operation of the vehicle and created a risk of physical injury to the victim. Officer Cerecedo stated Gutierrez was speeding, driving approximately fifty-one miles per hour in a residential area where the posted speed limit was twenty-five miles per hour, and that Gutierrez did not completely stop at a stop sign. Video footage showed Gutierrez stop in a driveway, subsequently reverse his compact sedan, and accelerate with enough force to not only collide with the officer's full-size SUV patrol vehicle parked behind him, but actually push it back at least a foot. In general, motorists have a duty to drive with "reasonable care" and comport with the "minimal expectations . . . [to] follow the usual rules of the road." *Reyes v. Town of Gilbert*, 247 Ariz. 151, 156, ¶ 19 (App. 2019). Gutierrez had a valid driver's license and could be presumed to be aware of the state law requirement that he operate his vehicle with care and that a failure to do so could lead

---

and last name, which initials coincide with the indictment-listed initials of "J.R." Additionally, during her opening statement, defense counsel played video footage, Exhibit 3, for the jury, and narrated what was occurring in the video, consistently referring to the passenger by her full name.

to physical injury. There is sufficient evidence to support a finding that Gutierrez, by driving below the statutorily-mandated standard of care, consciously disregarded the risk of potential injury and placed the victim in actual risk of injury as a passenger in the vehicle throughout the incident, including the collision.

¶17      In light of the direct and circumstantial evidence presented at trial, we conclude that the trial court properly found the record contained substantial evidence to support a conviction of misdemeanor endangerment and did not err in denying Gutierrez's motion for judgment of acquittal.

## CONCLUSION

¶18      For the foregoing reasons, we affirm Gutierrez's conviction and sentence for misdemeanor endangerment.



AMY M. WOOD • Clerk of the Court
FILED: AA