NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TAMMY F. MORRISON, *Plaintiff/Appellee*,

*v.*

THERESA BENNETT, *Defendant/Appellant*.

No. 1 CA-CV 14-0132
FILED 1-8-2015

Appeal from the Superior Court in Maricopa County
Nos. CV2014-051930
The Honorable John R. Doody, Judge Pro Tempore

**AFFIRMED**

COUNSEL

Theresa Bennett, Phoenix
*Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Randall M. Howe joined.

**P O R T L E Y**, Judge:

¶1 Theresa Bennett appeals from an Injunction Against Harassment entered in favor of Tammy Morrison. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**       Morrison filed a petition for an Injunction Against Harassment in January 2014.[1]  She alleged that Bennett filed multiple false police reports against her, threatened her and her children, and tried to get her evicted from her apartment.  The court issued an Injunction Against Harassment, prohibiting Bennett from committing "any act of 'harassment' against [Morrison] or [her children]" or having any contact with Morrison and her children except through attorneys, legal process and court hearings.  After a contested hearing, the court affirmed the injunction.  Bennett appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(5)(b)[2] and Arizona Rule of Protective Order Procedure 9(A)(2).[3]

## DISCUSSION

**¶3**       Bennett argues that the superior court abused its discretion by affirming the Injunction Against Harassment, and requests that we vacate the injunction.  She specifically claims the hearing process was not fair, she was limited to only one witness, her other witnesses would have undermined the facts leading to the injunction, and the evidence was insufficient to support affirming the injunction.

**¶4**       We review the court's ruling for an abuse of discretion, *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10, 330 P.3d 1013, 1016 (App. 2014), but view the facts in a light most favorable to upholding the ruling.  *Michaelson*, 234 Ariz. at 544 n.1, 323 P.3d at 1195 n.1.  We are also mindful of the potential consequences of a ruling both to one's reputation and the collateral consequences.  *Cardoso v. Soldo*, 230 Ariz. 614, 618, ¶ 12, 277 P.3d 811, 815 (App. 2012).

**¶5**       Although Bennett challenges the process and the evidence that was considered, she did not include a transcript of the contested

---

[1] Morrison's petition followed one that Bennett filed against her in 2013 that was affirmed after a hearing on September 6, 2013.  *See Bennett v. Morrison*, Maricopa Cnty. Super. Ct., CV2013-054249.

[2] We cite to the current version of the statute unless otherwise noted.

[3] Morrison did not file an answering brief.  We decline to treat her failure to do so as a confession of error.  *See Michaelson v. Garr*, 234 Ariz. 542, 544 n.3, 323 P.3d 1193, 1195 n.3 (App. 2014)

hearing in the record on appeal.[4] We, as a result, do not know what happened at the hearing other than the information in any minute entries and exhibits that may have been admitted into the record, and cannot determine whether the court abused its discretion. *See* ARCAP 11(b)(1) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a certified transcript of all evidence relevant to such finding or conclusion."). Moreover, when we do not have a transcript on appeal "the reviewing court assumes that the record supports the trial court's decision." *Kline v. Kline*, 221 Ariz. 564, 572, ¶ 33, 212 P.3d 902, 910 (App. 2009) (citations omitted). Consequently, we must presume that the missing transcript would support the trial court's ruling. *Michaelson*, 234 Ariz. at 546, ¶ 13, 323 P.3d at 1197.

¶6 Here, the minute entry summarizing the hearing noted that Bennett and Morrison testified, as did their witnesses, Olivia Montoya and Deena Hasinburill. The minute entry also notes that the court, after considering the testimony and evidence, found by a preponderance of the evidence that Bennett had harassed Morrison and ordered that "the Injunction Against Harassment remain in full force and effect." On the limited record, we cannot conclude the court abused its discretion in the process that was used or by finding that the evidence supported the continuation of the Injunction Against Harassment. Consequently, we cannot find an abuse of discretion to warrant reversing the court's ruling.

**CONCLUSION**

¶7 For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[4] During the pendency of the appeal, Bennett asked to provide the audio recording of the hearing in lieu of a transcript. We reverted jurisdiction to the superior court to allow Bennett the opportunity to ask the superior court to waive or defer the fees associated with the preparation of a transcript. There is no evidence that she asked the court for such relief.