IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JULIE MICHAELSON, *Plaintiff/Appellee,*

*v.*

WILLIAM GARR, *Defendant/Appellant.*

No. 1 CA-CV 13-0302
FILED 5-6-2014

Appeal from the Superior Court in Maricopa County
No. FN2012-003403
The Honorable Lisa M. Roberts, Judge Pro Tempore

**AFFIRMED**

COUNSEL

William Garr, Scottsdale
*Defendant/Appellant in Propria Persona*

**OPINION**

Judge Maurice Portley delivered the Opinion of the Court, in which
Presiding Judge Donn Kessler and Judge Patricia K. Norris joined.

**P O R T L E Y,** Judge:

**¶1**          William Garr appeals the order of protection issued and affirmed by the superior court in favor of his ex-fiancée, Julie Michaelson. For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**          Michaelson ended her engagement to Garr in late September 2012. She sought and was granted an ex parte order of protection on October 16, 2012. The order of protection prohibited Garr from having any contact with Michaelson; from committing crimes against her; and from possessing, receiving, or purchasing any firearms or ammunition. The order was served on Garr the following day.

**¶3**          Five months later, Garr requested a hearing and one was scheduled. Both parties testified at the hearing, and the superior court continued the order of protection. Garr then filed this appeal.[2]

## DISCUSSION

**¶4**          Garr contends that the superior court erred by continuing the order of protection. In particular, he argues that there was no specific allegation of domestic abuse and the court did not state a basis for continuing the order. He also claims that the portion of the order preventing him from possessing or using weapons violates federal law.[3]

---

[1] On appeal, we view the facts "in the light most favorable to upholding the trial court's ruling." *Mahar v. Acuna*, 230 Ariz. 530, 532, ¶ 2, 287 P.3d 824, 826 (App. 2012).

[2] Although the order of protection against Garr expired on October 13, 2013, pursuant to Arizona Revised Statutes ("A.R.S.") section 13-3602(K) (West 2014), we do not consider his appeal to be moot because "expired orders of protection have ongoing collateral legal consequences." *See Cardoso v. Soldo*, 230 Ariz. 614, 617-18, ¶¶ 9-10, 227 P.3d 811, 814-15 (App. 2012) (explaining that the collateral consequences exception allows this court to review an otherwise expired order of protection).

[3] Michaelson did not file an answering brief. In the exercise of our discretion, we decline to treat her failure to file an answering brief as a confession of error. *See Gonzales v. Gonzales*, 134 Ariz. 437, 437, 657 P.2d 425, 425 (App. 1982) ("Although we may regard [the] failure to respond as a confession of reversible error, we are not required to do so.").

¶5 We review the decision of the superior court to continue an order of protection for an abuse of discretion. *Cardoso*, 230 Ariz. at 619, ¶ 16, 277 P.3d at 816. The court abuses its discretion when it makes an error of law in reaching a discretionary conclusion or "when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Mahar*, 230 Ariz. at 534, ¶ 14, 287 P.3d at 828 (citation omitted) (internal quotation marks omitted). We review any questions of law de novo. *In re Marriage of Pownall*, 197 Ariz. 577, 580, ¶ 7, 5 P.3d 911, 914 (App. 2000).

¶6 An order of protection shall be continued by the court if the plaintiff demonstrates by a preponderance of the evidence that "there is reasonable cause to believe . . . [that] [t]he defendant may commit an act of domestic violence." A.R.S. § 13-3602(E)(1);[4] Ariz. R. Prot. Order P. 8(F). In the context of a past or current romantic relationship, the term "domestic violence" is broadly defined in § 13-3601(A) and includes a wide array of criminal acts as well as harassment by "verbal, electronic, mechanical, telegraphic, telephonic or written" communication. A.R.S. §§ 13-3601(A), (A)(6), -2921(A)(1).

¶7 At the hearing, Michaelson never claimed that Garr committed any acts of physical domestic violence. Instead, she testified that Garr was harassing her. Specifically, she testified that on September 26, 2012, Garr sent her between 60-110 unwanted text messages, and on October 4, 2012, he called her employer, identified himself as an attorney and gained access to her work schedule, and then sent her a text stating that he "had all the information he needed" and knew when she was at work or at home. Michaelson also testified that on October 15, 2012, after she declined to accept the flowers he attempted to send to her at work, Garr sent her a text indicating that their relationship was brought together by God and only God could separate them. After considering the testimony of both parties and the other evidence, the court stated that "the Plaintiff has established by a preponderance of the evidence that an act of domestic violence has occurred. The order of protection is affirmed."

¶8 Garr, however, contends that the court considered improper evidence to reach its decision. First, he claims that the court considered text messages he sent to Michaelson's eighteen-year-old daughter. The record belies the argument because the court stated the evidence was "not

---

[4] We cite to the current version of the applicable statute absent any changes material to this Opinion.

relevant for purposes of today's hearing. The only thing that's relevant is what Mr. Garr did to [Michaelson] directly that constitutes an act of domestic violence." As a result, we reject the argument.[5]

¶9          Garr next challenges the admission of an illegible email he sent to Michaelson that she submitted to show the court that he contacted her after being served with the order of protection. At the hearing, Garr stated that the email "was not accurate" and that he did not "agree to that at all." Although the contents of the email were illegible, the email clearly displayed his name, email address, and the date on which it was sent. As a result, his argument goes to the weight and not the admissibility of the evidence. *See, e.g.*, *State v. Lacy*, 187 Ariz. 340, 349, 929 P.2d 1288, 1297 (1996) ("Lack of positive identification goes to the weight of evidence, not to its admissibility."); *State v. Hatton*, 116 Ariz. 142, 149, 568 P.2d 1040, 1047 (1977) (noting that evidence that was "not a conclusive link in the case goes only to the weight and not the admissibility"). Because the superior court was the trier of fact and had to determine whether an act of domestic violence occurred, the court properly considered the email as proof that Garr violated the order of protection. *See* Ariz. R. Prot. Order 5(A).

¶10         Garr also argues that the superior court erred by (1) admitting evidence of text messages that had not been printed out and (2) excluding testimony about Garr's engagement and upcoming marriage. Because Garr did not object to the admission of the unprinted text messages[6] or to the preclusion of his then-current romantic situation,[7] he waived any error and we will not review those rulings for the first time on appeal. *See State v. Lopez*, 217 Ariz. 433, 435, ¶¶ 5-6, 175 P.3d 682, 684 (App. 2008) (noting that defendant's failure to object to the introduction of testimony on the grounds of hearsay waived the issue on appeal).

_____

[5] Similarly, we reject Garr's claim that the order of protection was not filed under the name of the party requesting protection. Because Michaelson named herself as the plaintiff on the petition, the argument is specious.

[6] Before Michaelson submitted the evidence to the court, Garr had an opportunity to review the text messages on Michaelson's cell phone and made no objection.

[7] The court properly found that Garr's anticipated marriage was not relevant to determine whether the order, which had been issued five months earlier, should be continued. *See* Ariz. R. Prot. Order 5(A).

**¶11**       Finally, Garr argues that the superior court erred by continuing the portion of the order preventing him from possessing or purchasing firearms or ammunition for the duration of the order of protection.[8]  We disagree.

**¶12**       A court issuing an order of protection can "prohibit the defendant from possessing or purchasing a firearm for the duration of the order" after determining that "the defendant is a credible threat to the physical safety of the plaintiff."  A.R.S. § 13-3602(G)(4).  Here, the superior court reviewed the text messages on Michaelson's cell phone, along with the testimony, and determined that Garr was a credible threat to Michaelson's physical safety.

**¶13**       The superior court scrolled through the multiple text messages between Garr and Michaelson contained on Michaelson's phone and read one message into the record.[9]  The remaining text messages reviewed by the court were not read into the record or otherwise preserved in any form in the record and so are unavailable for our review. *See State v. Villegas-Rojas*, 231 Ariz. 445, 446 & n.1, ¶ 4, 296 P.3d 981, 982 & n.1 (App. 2012) (noting that where an officer's probable cause statement was before the superior court but not in the record on appeal, it was unavailable for appellate review).  As a result, "[i]n the absence of the record, an appellate court will presume that the evidence at a trial was sufficient to sustain a finding, the verdict, or a charge to the jury." *Bryant v. Thunderbird Acad.*, 103 Ariz. 247, 249, 439 P.2d 818, 820 (1968); *accord Duckstein v. Wolf*, 230 Ariz. 227, 233, ¶ 15, 282 P.3d 428, 434 (App. 2012).  Moreover, because Garr is challenging the ruling, it was his responsibility to preserve the record and ensure that it contained the materials relevant to his appeal.  *See Villegas-Rojas*, 231 Ariz. at 446 n.1, ¶ 4, 296 P.3d at 982 n.1 ("It is [Appellant's] responsibility to ensure the record 'contains the material to which he takes exception.'" (quoting *State v. Wilson*, 179 Ariz. 17, 19 n.1, 875 P.2d 1322, 1324 n.1 (App. 1993))).  Accordingly, because we presume the evidence supports the judgment, the superior court did not

---

[8] Garr now challenges the firearm prohibition solely on federal grounds.  Specifically, he contends that because he did not meet the definition of an "intimate partner" pursuant to 18 U.S.C. § 922(g)(8), the firearm prohibition could not apply to him as a matter of law.  Because we can resolve the issue under state law, we do not address his argument.

[9] The message read aloud was, "Bill, you are too much. I CAN'T TAKE IT ANYMORE.  It is time to stop now."

err by continuing the firearm prohibition against Garr for the remainder of the order of protection.

## CONCLUSION

**¶14**        Based on the foregoing, we affirm.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : MJT