NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

RONALD L. SHURTS, *Plaintiff/Appellee*,

*v.*

JAIME SHURTS, *Defendant/Appellant.*

No. 1 CA-CV 14-0366
FILED 4-28-2015

Appeal from the Superior Court in Maricopa County
No. FN2013-052654
The Honorable Julie P. Newell, Commissioner

**AFFIRMED**

COUNSEL

Fromm Smith & Gadow, P.C., Phoenix
By Stephen Roy Smith
*Co-Counsel for Plaintiff/Appellee*

Fennemore Craig, P.C., Phoenix
By Timothy J. Berg, Alexander R. Arpad
*Co-Counsel for Plaintiff/Appellee*

David E. Rauch Law, Scottsdale
By David E. Rauch
*Co-Counsel for Plaintiff/Appellee*

The Cavanagh Law Firm, P.A., Phoenix
By Christina S. Hamilton, William F. Begley
*Counsel for Defendant/Appellant*

---

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia K. Norris joined.

---

**H O W E**, Judge:

¶1 Jaime Shurts appeals the superior court's order granting and affirming an order of protection in favor of Ronald L. Shurts and denying her subsequent motions for new trial, to alter or amend the order, and for relief from the order. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Ron and Jaime married in 2008 and divorced in 2013. During the marriage and after the dissolution, both parties owned property in the Pine Canyon development in Flagstaff and Jaime worked as a real estate agent selling property in that development.

¶3 In conjunction with the dissolution proceedings, the superior court granted Ron an order of protection against Jaime in 2012 (the "2012 Order"). The 2012 Order limited Jaime's access to the Pine Canyon Clubhouse, stating that she

> may have access to the Clubhouse and pool at Pine Canyon in Flagstaff for the purpose of showing it to clients or potential clients *during normal business hours*, provided she follows the policy and protocol for real estate agents showing such persons the facility; she is to check in with the Clubhouse staff during her visit.

(Emphasis added).

¶4 Ron and Jaime disagreed about the meaning of the term "during normal business hours." Ron asserted that this provision limited Jaime's access to the Clubhouse from 9:00 a.m. to 5:00 p.m.; Jamie contended

2

that the order granted her access to the Clubhouse during any of its operational hours.

¶5             Twice in 2013, Flagstaff police charged Jaime with violating the 2012 Order after she visited the Pine Canyon Clubhouse in the evening. Jaime was later acquitted of the charges stemming from the first incident (May 2013), but the charges arising from the second incident (July 2013) remain pending.

¶6             In September 2013, the day before the 2012 Order expired, Ron sought a second order of protection to prohibit Jaime from accessing the Pine Canyon Clubhouse outside of the hours of 9:00 a.m. to 5:00 p.m. As grounds for his request, Ron cited the criminal charges filed against Jaime arising out of the May and July 2013 incidents, which were both still pending at that time, as well as Jaime's criminal conviction for violating an earlier order of protection. The court granted Ron's request for an order of protection, but expanded the terms to prohibit Jaime from entering the entire Pine Canyon development (the "2013 Order"). After a hearing at which Jaime protested the scope of the 2013 Order, the court affirmed the order.

¶7             Jaime moved for a new trial or, in the alternative, asked the court to alter or amend the order to reduce its scope, arguing it was unconstitutionally broad, deprived her of the ability to live and work in the Pine Canyon development, and improperly exceeded the requested relief. Jaime also moved for relief from judgment, which was based in relevant part on Jaime's acquittal of the criminal charges arising out of the May 2013 incident. The superior court denied both motions. The parties' briefs note that the 2013 Order may be moot for purposes of appellate review. Although the 2013 Order expired on October 22, 2014, before our consideration of this appeal, *see* A.R.S. § 13-3602(K), the order is not moot because it may carry significant collateral legal and reputational consequences. *Cardoso v. Soldo*, 230 Ariz. 614, 619 ¶ 13, 277 P.3d 811, 816 (App. 2012).

**DISCUSSION**

¶8             Jaime argues that the superior court erred as a matter of law by entering and affirming the 2013 Order and abused its discretion by denying her motion for relief from the order. We review the decision of the superior court to continue an order of protection for an abuse of discretion. *Cardoso*, 230 Ariz. at 619 ¶ 16, 277 P.3d at 816. "The court abuses its discretion when it makes an error of law in reaching a discretionary

conclusion or 'when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision.'" *Michaelson v. Garr*, 234 Ariz. 542, 544 ¶ 5, 323 P.3d 1193, 1195 (App. 2014).  We review questions of law de novo.  *Id.*

**¶9**		The superior court shall issue or continue an order of protection if the plaintiff demonstrates by a preponderance of the evidence that reasonable cause exists to believe that the defendant has committed an act of domestic violence within the previous year.  A.R.S. § 13–3602(E)(2), (I); Ariz. R. Prot. Order P. 8(F).  In this context, the term "domestic violence" is broadly defined to include knowingly disobeying the lawful order of a court.  A.R.S. §§ 13–3601(A), (A)(1), –2810(2).

**¶10**		Ron presented evidence that Jaime knowingly disobeyed a lawful court order in May and July of 2013 by visiting the Pine Canyon Clubhouse after 5:00 p.m. despite the 2012 Order's directive that her access to the Clubhouse be limited to "normal business hours." Jaime argued that she had not committed a violation because the language of the 2012 Order permitted her to be at the Clubhouse during "business hours," which she interpreted to mean the Clubhouse's operational hours. The superior court was in the best position to weigh this conflicting evidence and we determine it did not abuse its discretion by accepting Ron's testimony and evidence and continuing the 2013 Order.  *Goats v. A.J. Bayless Mkts., Inc.*, 14 Ariz. App. 166, 169–71, 481 P.2d 536, 539–41 (1971) (appellate court generally defers to superior court's findings regarding witness credibility and conflicting evidence).

**¶11**		Moreover, we reject Jaime's argument that her subsequent acquittal of the criminal charges arising out of the May 2013 incident demonstrates that she did not violate the 2012 Order and shows that the superior court erred by entering the 2013 Order. First, the May 2013 incident was only one of three grounds on which Ron based his petition.[1]  Second, because Jaime's acquittal did not occur until six months after the court entered the 2013 Order, the acquittal cannot form the basis of an alleged

---

[1]		We reject Jaime's argument that Ron's petition failed to identify specific acts of domestic violence as required by Arizona Rule of Protective Order Procedure 6(C)(1). Ron identified both the May and July 2013 incidents as a basis for his petition as well as Jaime's July 29, 2013 conviction of one count of violating A.R.S. § 13–2810(A)(2) for her violation of a prior order of protection.

error at the time of the continuation. And third, the superior court was not required to find that Jaime had been convicted of domestic violence beyond a reasonable doubt, but was authorized to enter or continue an order of protection if it found by a preponderance of the evidence that there was reasonable cause to believe she had violated the 2012 Order. A.R.S. §§ 13-2810(2), -3601(A), (A)(1), -3602(E)(2), (I); Ariz. R. Prot. Order P. 8(F).[2]

¶12         Nevertheless, Jaime argues that the superior court committed legal error by entering the 2013 Order because it exceeded Ron's request, did not identify a specific location, and violated Jaime's constitutional rights by barring her from property she owns in the Pine Canyon development and impacting her livelihood. Because the superior court is authorized to grant the relief that it deems necessary and proper under the circumstances, *see* A.R.S. § 13–3602(G)(6), the scope of an order of protection is within its discretion. The court decided to enter the 2013 Order prohibiting Jaime from accessing the entire Pine Canyon development because it found by a preponderance of the evidence that Jaime had twice violated the 2012 Order and a more restrictive order was necessary to address her behavior. Further, even if we were to find the 2013 Order overbroad, the appropriate remedy would be to modify the order, *see* A.R.S. § 12–2103(A), an option foreclosed by its expiration. Accordingly, we find no abuse of discretion.

¶13         Finally, we reject Jaime's argument that she was denied due process and an opportunity to be heard because the court refused to allow Ron to testify at the evidentiary hearing about the discussion at the ex parte hearing on his request for the order of protection. Jaime had notice of the petition and 2013 Order, and a full and fair opportunity to offer evidence to support her argument that the court should revoke or modify the order. Jaime requests an award of attorneys' fees on appeal pursuant to A.R.S. § 25–324, which permits a court to make such an award in domestic relations cases after it considers the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings. Assuming that statute applies in this matter, in the exercise of our discretion, we deny the request. As the prevailing party on appeal, Ron

---

[2]         For the same reason, we reject Jaime's argument that the superior court abused its discretion by refusing to grant her motion for relief from judgment after the Flagstaff Municipal Court acquitted her of the criminal charges stemming from the May 2013 incident and dismissed a charge of resisting arrest arising out of the July 2013 incident.

is entitled to an award of costs upon his compliance with Rule 21, Arizona Rules of Civil Appellate Procedure.

## CONCLUSION

¶14        For the foregoing reasons, we affirm.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : ama