NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TASNEEM HALLOUM, *Petitioner/Appellant,*

*v.*

ADNAN HASASNEH, *Respondent/Appellee.*

No. 1 CA-CV 17-0158 FC
FILED 2-6-2018

Appeal from the Superior Court in Maricopa County
No. FC 2016-095113
The Honorable Terri L. Clarke, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Wees Law Firm, L.L.C., Phoenix
By James F. Wees
*Counsel for Petitioner/Appellant*

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Peter B. Swann joined.

**B E E N E**, Judge:

¶1 Tasneem Halloum ("Wife") appeals the superior court's continuation of an order of protection against her in favor of Adnan Hasasneh ("Husband"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 In September 2016, Wife filed a petition for an order of protection against Husband alleging he committed several acts of domestic violence against her. The superior court granted an *ex parte* order of protection and one week later, Wife filed a petition for dissolution of their marriage. After an evidentiary hearing in October 2016, Commissioner Hinz continued the protective order, finding reasonable cause to believe that Husband committed an act of domestic violence against Wife within the last year or might commit acts of domestic violence in the future.

¶3 Two months later, in December 2016, Husband sought and was granted an *ex parte* order of protection against Wife. Commissioner Clarke held an evidentiary hearing in January 2017 and continued the order against Wife, finding reasonable cause to believe that Wife committed an act of domestic violence within the past year. The court *sua sponte* amended Commissioner Hinz's previous protective order against Husband to reflect identical orders as to both parties. In pertinent part, the orders stated that Husband and Wife shall have no contact except to exchange their two minor children who were not included as protected persons. Also, Wife was prohibited from going near Husband's place of employment, which was the parties' jointly-owned furniture store.

¶4 Wife timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 12–120.21(A)(1).[1]

---

[1] Husband did not file an answering brief. In our discretion, however, we decline to treat his omission as an admission of error. *See In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 2 (App. 2002).

**DISCUSSION**

**¶5**   Wife argues no evidence showed she either committed or will commit an act of domestic violence against Husband. Thus, she claims the protective order against her should be quashed.[2] We disagree.

**¶6**   We review the continuation of an order of protection for an abuse of discretion. *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014). An order of protection is issued "for the purpose of restraining a person from committing an act included in domestic violence." A.R.S. § 13-3602(A). Domestic violence includes harassment when the victim and defendant are or were married. A.R.S. § 13-3601(A)(1) (defining domestic violence as including harassment under A.R.S. § 13-2921). "A person commits harassment if, with intent to harass or with knowledge that the person is harassing another person, the person:

> 1. Anonymously or otherwise contacts, communicates or causes a communication with another person by verbal, electronic, mechanical, telegraphic, telephonic or written means in a manner that harasses.
>
> 2. Continues to follow another person in or about a public place for no legitimate purpose after being asked to desist.
>
> 3. Repeatedly commits an act or acts that harass another person.
>
> 4. Surveils or causes another person to surveil a person for no legitimate purpose.

A.R.S. § 13-2921(A).

**¶7**   Husband claimed that Wife harassed him on December 17, 18, and 19, 2016 when Wife came to his furniture store. On December 17,

---

[2]  Wife also argues that Commissioner Clarke erred by *sua sponte* amending Commissioner Hinz's previous protective order against Husband "by performing essentially a horizontal appeal." Because Wife failed to cite any authority supporting such a proposition, however, we deem it waived and do not address it. *See* ARCAP 13(a)(7)(A) (stating that the opening brief must include an "[a]ppellant's contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies").

3

Husband testified that after he dropped off the children with Wife, she followed him to the store. She drove into the store's parking lot, holding something in her hand. Husband said he was scared because he thought Wife was going to throw something at him, but relaxed when he saw a flash and realized she was taking pictures with her cell phone.

¶8        On December 18, Husband said he left the store after closing, walked out into the parking lot, and saw Wife drive into the parking lot. She was again taking pictures. He said he was scared because she drove toward him while he was on foot and came within two feet of striking him. Husband believed Wife intentionally came to the store to harass him and tried to scare him by driving close to him with her car.

¶9        Then on December 19, while Husband was not present at work, Wife was seen driving in the front of the store taking pictures. Although Husband was not present that day, he said he was afraid because Wife continued to come to the store and her behavior was getting bolder. He contacted law enforcement and was advised to file an order of protection against Wife.

¶10        In contrast, Wife testified she was not in the store parking lot on December 17 or 18; she denied following Husband, going anywhere near him, or trying to run him over with her car. Wife produced exhibits of a tracking application on her cell phone depicting her location on December 17 and 18, proving she was not at the store either day. Wife admitted, however, that she could have left the phone at home and went to the store without it. She also acknowledged that the tracking application on her phone only records the location if she stops for five to ten minutes; it does not record if she simply drives through.

¶11        As for December 19, Wife said she drove by the store on her way to an appointment and noticed large trucks pulling into the back of store. She recognized the trucks as belonging to Husband's father. Because she was concerned that Husband was removing merchandise from their jointly-owned store, thus diluting community property, Wife said she had every reason to go to the store and document it. Commissioner Clarke asked Wife why she went to the store admittedly twice (December 19 and December 20) when she knew Husband worked there and claimed to be afraid of him, why she did not bring the police or another person with her, or have her attorney investigate instead. Wife responded that Husband's car was not in the parking lot so she knew he was not there and she was only there briefly; she just took pictures and left immediately.

**¶12** Although Wife disputed that she intended to harass or harm Husband, the superior court did not abuse its discretion in accepting the testimony and evidence presented showing otherwise and continuing the order of protection. *See Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18 (App. 2015) (superior court is in best position to judge credibility of witnesses and resolve conflicting evidence, and appellate court generally defers to its findings).

**CONCLUSION**

**¶13** For the foregoing reasons, we affirm the superior court's continuance of the order of protection against Wife. Because Wife is not the prevailing party on appeal and cites no supporting authority, we deny Wife's request for attorneys' fees.



AMY M. WOOD • Clerk of the Court
FILED: AA

5