NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MICHELE R. CHANDLER, *Petitioner/Appellee,*

*v.*

CHRISTOPHER M. ELLINGTON, *Respondent/Appellant.*

No. 1 CA-CV 17-0312 FC
FILED 3-13-2018

Appeal from the Superior Court in Maricopa County
No. FC2017-001973
The Honorable Roger L. Hartsell, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Michele R. Chandler, Mesa
*Petitioner/Appellee*

Christopher M. Ellington, Camden-Wyoming, Delaware
*Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Maurice Portley[1] joined.

---

**C R U Z**, Judge:

**¶1**　　　　Christopher M. Ellington appeals the superior court's April 11, 2017 order continuing the order of protection issued by the court on March 21, 2017.  For the following reasons, we affirm the superior court's order.

### FACTUAL AND PROCEDURAL HISTORY[2]

**¶2**　　　　Michele R. Chandler, the mother to Ellington's children, filed a petition for an order of protection against Ellington for herself and their children, I.E. and C.E.  She alleged Ellington had a history of threatening and violent behavior towards her, threatened her the week preceding the petition, and physically and verbally abused C.E. during the same period.  She also requested the court order Ellington not to possess firearms and ammunition.  The court granted an *ex parte* order of protection and subsequently scheduled a hearing on the petition.

**¶3**　　　　After the April 2017 hearing, the court found by a preponderance of the evidence that Ellington had committed an act of domestic violence against Chandler within the last year or may commit an act of domestic violence in the future.  It affirmed and continued the order of protection in full force and effect.

**¶4**　　　　Ellington timely appealed.  We have jurisdiction pursuant to Ariz. Rev. Stat. section 12-2101(A)(1), (5)(b) and Arizona Rules of Protective

---

[1]　　The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2]　　We view the evidence in the light most favorable to upholding the superior court's ruling.  *Mahar v. Acuna*, 230 Ariz. 530, 532, ¶ 2 (App. 2012).

Order Procedure ("Rule") 42(a)(2) and (b)(2). *See Mahar v. Acuna*, 230 Ariz. 530, 533-34, ¶¶ 11-12 (App. 2012).

## DISCUSSION

**¶5**　　　　Ellington argues there was insufficient evidence to support continuing the superior court's order, and the inclusion of C.E., thus the court violated Rules 35(b)(1)(2) and 5(b)(1), respectively. He also argues Rule 21(c) is unconstitutional.[3]

I.　　Standard of Review

**¶6**　　　　We review the superior court's decision to affirm an order of protection for an abuse of discretion. *Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 16 (App. 2012). "The court abuses its discretion when it makes an error of law in reaching a discretionary conclusion or when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014) (internal quotations and citation omitted).

---

[3]　　　　Ellington additionally argues the superior court failed to adhere to certain rules regarding court security, access to the courts, the provision of certain forms and resource information, and the court's duty to inquire about other existing orders of protection. *See* Rules 8(a)(2), 13(d), 15, and 21(a). However, Ellington failed to provide this Court with a transcript of the proceedings, and the record, as presented, is otherwise insufficient for us to assess these claims. We therefore assume the record supports the superior court's action regarding these issues. *See Kline v. Kline*, 221 Ariz. 564, 572, ¶ 33 (App. 2009); ARCAP 11(c)(1)(A) ("The appellant must order transcripts of superior court proceedings not already in the official record that the appellant deems necessary for proper consideration of the issues on appeal.").

Ellington also raises several issues relating to hearings that occurred after the final order at issue here. Matters occurring after the order at issue are not properly addressed in this appeal. *See* ARCAP 11(a) (emphasis added) (providing the record on appeal consists of "[t]he official record, which consists of documents . . . filed in the superior court *before and including the effective date of the filing of a notice of appeal* . . . ; the index prepared under [ARCAP] 11.1(a); exhibits; and . . . [t]ranscripts of oral proceedings in the superior court that the parties ordered . . . ."). We accordingly do not address those claims.

II.     Sufficiency of the Evidence

¶7      Ellington argues the evidence was insufficient to support the ruling, but he failed to provide a transcript of the relevant hearings. "If the appellant will contend on appeal that a judgment, finding or conclusion, is unsupported by the evidence or is contrary to the evidence, the appellant *must* include in the record transcripts of all proceedings containing evidence relevant to that judgment, finding or conclusion." ARCAP 11(c)(1)(B) (emphasis added). If the appellant fails to do so, this Court will assume the evidence was sufficient to support the court's findings. *Kline v. Kline*, 221 Ariz. 564, 572, ¶ 33 (App. 2009). We accordingly affirm the superior court's continuation of the March 2017 order of protection. *See id.*

III.    Constitutionality of Rule 21(b)(1)(2)

¶8      Ellington argues Rule 21(b)(1)(2) is unconstitutional because it "destroys blatantly prior legal decisions of Family Court Judges, undermining relevant facts and opinions of matters found with factual basis and direct evidence . . . ." He did not, as far as the record reveals, present any rulings from the family court, which may be relevant, and does not provide any argumentation or case law supporting this assertion; therefore, we will not consider it. *See In re U.S. Currency in Amount of $26,980.00*, 199 Ariz. 291, 299, ¶ 28 (App. 2000) (declining to consider appellant's "bald assertion [that was] offered without elaboration or citation to any constitutional provisions or legal authority").

**CONCLUSION**

¶9      In light of the foregoing, we affirm the superior court's continuation of the March 2017 order of protection.



AMY M. WOOD • Clerk of the Court
FILED:  AA