NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ISABEL DELACRUZ, *Petitioner/Appellee*,

*v.*

RICHARD NERIZ, *Respondent/Appellant*.

No. 1 CA-CV 18-0094 FC
FILED 12-13-2018

Appeal from the Superior Court in Maricopa County
No. FC 2018-000325
The Honorable Virginia L. Richter, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCE

Richard Neriz, Avondale
*Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

**C A M P B E L L**, Judge:

¶1　　　　Richard Neriz timely appeals an order of protection in favor of Isabel Delacruz and her children. Neriz argues that (1) the superior court erred by not allowing the introduction of specific items of evidence and (2) the superior court's findings of fact were based on false evidence. Because Neriz has waived his arguments on appeal, and because we discern no abuse of discretion by the superior court, we affirm.

## BACKGROUND

¶2　　　　Neriz is married to Delacruz, and they have several minor children. In January 2018, Delacruz filed a petition for a protective order alleging physical and verbal abuse by Neriz toward Delacruz and the children. The court found reasonable cause and issued the ex parte order.

¶3　　　　The superior court held an evidentiary hearing to consider physical evidence and testimony from both Neriz and Delacruz. At the conclusion of the hearing, the court found that Neriz either committed an act of domestic violence within the last year or could commit an act of domestic violence in the future. The court thus continued the order of protection pursuant to Arizona Revised Statutes § 13-3602.

## DISCUSSION[1]

¶4　　　　Neriz argues that (1) the court erred by not allowing him to present all of the evidence he wished to present, and (2) the trial court based its findings of fact on false evidence. Neriz argues these alleged errors prejudiced his case because the evidence he wished to present would have demonstrated both that he presented "no harm to anyone" and that Delacruz "violat[ed] her restraining order." We review for an abuse of discretion the superior court's continuance of an order of protection following an evidentiary hearing, *Shah v. Vakharwala*, 244 Ariz. 201, 202, ¶ 5 (App. 2018), and its rulings on the admission of evidence, *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 506 (1996). We will not reverse unless the record, "viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014) (citation omitted).

---

[1] Although Delacruz did not file an answering brief, in our discretion, we decline to consider her failure to do so as a confession of error. *See Cardoso v. Soldo*, 230 Ariz. 614, 616, ¶ 4 n.1 (App. 2012).

¶5 The record on appeal includes the documentary evidence submitted at the evidentiary hearing but does not include a copy of the transcript of the hearing. Pursuant to Arizona Rule of Civil Appellate Procedure ("ARCAP") 11(c), the duty to order and include the transcript in the record was Neriz's. When no transcript is provided on appeal, we assume the record supports the superior court's decision. *Kline v. Kline*, 221 Ariz. 564, 572, ¶ 33 (App. 2009). Furthermore, pursuant to ARCAP 13(a)(7)(A), an appellant must present significant arguments "concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies." Failure to do so usually constitutes abandonment and waiver of that claim. *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009). Neriz has failed to identify any facts or provide any supporting authority demonstrating that the superior court abused its discretion in making its evidentiary rulings, and we discern none. Accordingly, he has not established a basis for relief.

**CONCLUSION**

¶6 For the foregoing reasons, we affirm the superior court's continuance of the protective order.

