NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

HEATHER GUTIERREZ,
*Petitioner/Appellee*,

v.

CYNTHIA ANN CRUZ,
*Respondent/Appellant*.

No. 1 CA-CV 21-0121 FC
FILED 9-28-2021

Appeal from the Superior Court in Maricopa County
No.  FN2020-097755
The Honorable Paula A. Williams, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Cynthia Ann Cruz, Superior
*Respondent/Appellant*

Heather Gutierrez
*Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge David B. Gass joined.

---

**M O R S E**, Judge:

¶1          Cynthia Cruz appeals from the continuance of an order of protection granted on behalf of Heather Gutierrez, O.G., and P.G.[1]  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          Cruz is the mother of Gutierrez, who is the mother of O.G. ("the Child").  Gutierrez petitioned the superior court for an order of protection against Cruz.  According to the petition, Cruz exhibited "obsessive behavior towards" the Child after the Child reported being inappropriately touched by a teenage boy.  Cruz suspected that the Child had also been sexually abused by Gutierrez's boyfriend ("the Boyfriend").

¶3          At 6 a.m. one morning, Cruz and Gutierrez's ex-boyfriend ("Ex-Boyfriend") confronted Gutierrez at her home.  When no one came to the door, Cruz repeatedly rang Gutierrez's doorbell and demanded she be let inside.  On another occasion, Cruz repeatedly banged on the front door of Gutierrez's sister, who had custody of the Child at the time, and demanded to know if the Child was in the home.

¶4          Against Gutierrez's wishes, Cruz attempted to pick up the Child from school and had to be stopped by a teacher.  Cruz then "yelled obscenities from across the school yard to [the Boyfriend] as he was walking to his car with the [C]hild . . . ."  In a group chat which included Gutierrez, Cruz sent text messages saying she "hate[d] [Gutierrez]" and that Gutierrez "is dead to me[.]"  The superior court granted a temporary order of

---

[1]          Gutierrez did not file an answering brief.  In the exercise of our discretion, we decline to treat her failure to do so as a confession of reversible error.  *See Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 4 n.3 (App. 2014) (noting that this Court may, but is not required, to treat the failure to file an answering brief as a confession of error).

protection barring Cruz from making any contact with Gutierrez, the Child, and P.G.

**¶5**        At Cruz's request, the superior court held a contested hearing. Gutierrez testified that she did not want to speak to her Ex-Boyfriend, and Cruz testified that Gutierrez previously had the Ex-Boyfriend escorted out of the building when he had shown up at Gutierrez's workplace. Cruz admitted bringing Gutierrez's Ex-Boyfriend to Gutierrez's home at 6 a.m., repeatedly ringing the doorbell, and trying to reach the Child at Gutierrez's sister's home. Cruz also admitted texting Gutierrez that she "hated [Gutierrez]" and that Gutierrez was "dead to [Cruz.]" Cruz's husband testified that he and Cruz went to the Child's school to "get a look" at the Child.

**¶6**        After considering the evidence, the superior court found "by a preponderance of the evidence that [Cruz] ha[d] committed an act of domestic violence against [Gutierrez] within the last year or may commit an act of domestic violence in the future" and ordered the continuance of the order of protection.

**¶7**        Cruz timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1), (5)(b).

## DISCUSSION

**¶8**        We review an order of protection for an abuse of discretion, *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014), and review evidentiary rulings for a clear abuse of discretion and substantial prejudice, *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 506 (1996). A court must issue an order of protection if it finds there is reasonable cause to believe that the defendant "may commit an act of domestic violence" or "has committed an act of domestic violence within the past year . . . ." A.R.S. § 13-3602(E).

**¶9**        On appeal, Cruz does not challenge the sufficiency of the evidence for the order of protection. Instead, she asserts the hearing on the order of protection "was very unprofessional and bias[ed] towards" Gutierrez, and Cruz "was not allowed to present backstory regarding [her] case." But Cruz does not cite to examples of bias or unprofessionalism during the hearing and does not explain what "backstory" she was not allowed to present. Because Cruz fails to provide record citation, argument, or authority, she has waived these claims. *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (noting that arguments may be waived by failure to provide citation to authorities and the record).

**CONCLUSION**

¶10      Accordingly, we affirm the superior court's order.



AMY M. WOOD • Clerk of the Court
FILED:   AA