NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JOSHUA STODDARD, *Petitioner/Appellee*,

*v.*

MARCOS MADRIL, *Respondent/Appellant*.

No. 1 CA-CV 24-0132 FC

FILED 11-05-2024

Appeal from the Superior Court in Maricopa County
No. FC2023-094192
The Honorable Ashley Blair Rahaman, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Joshua Stoddard, Protected Address
*Appellee*

Gillespie Shields & Taylor, Phoenix
By DeeAn Gillespie Strub
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G**, Judge:

¶1        Marcos Madril appeals the superior court's order of protection and denial of his motion to set aside that order.  Finding no error, we affirm the order of protection, but we lack jurisdiction over his motion to set aside the order.

## FACTS AND PROCEDURAL BACKGROUND

¶2        We must recount the facts in the light most favorable to sustaining an order of protection. *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014).  Joshua Stoddard ("Father") and Erica Sisneros ("Mother") share parenting time of their five-year-old daughter ("Child").

¶3        After Child visited Mother in October 2023, Father noticed her eye was swollen and red, her lip was split, and her face was black and blue.  Father petitioned for an order of protection on Child's behalf against Mother's fiancé, Madril, alleging Madril kissed Child on the lips and then hit her in the face when she said only her parents could kiss her on the lips.

¶4        The superior court issued a protective order.  Madril denied the allegations and requested a hearing to contest the protective order.  At the hearing, Father testified about Child's injuries.  He introduced pictures of Child's injuries and a recorded conversation between Child and a doctor, during which the doctor described Child's injuries and Child told the doctor that Madril had punched and kissed her.  Madril and Mother testified that Child was lying, and insisted that Father coerced Child to fabricate the story.

¶5        After the hearing, the superior court found Madril had committed an act of domestic violence within the past year and, finding good cause, continued the protective order.

**¶6**        Madril timely appealed, but then moved to set aside the order of protection based on what he claimed was new evidence. The superior court denied that motion.[1]

## DISCUSSION

**¶7**        We lack jurisdiction to review the superior court's denial of Madril's motion to set aside because the superior court lacked jurisdiction to decide that motion after the notice of appeal. *See In re Marriage of Flores & Martinez*, 231 Ariz. 18, 21, ¶ 10 (App. 2012) ("[T]he filing of a notice of appeal, even one ultimately determined to be a nullity, divests the trial court of jurisdiction to proceed other than to issue orders in furtherance of the appeal and to address matters unrelated to the appeal.").

**¶8**        We do however have jurisdiction over Madril's challenge to the order of protection. A.R.S. § 12-2101(A)(1); Ariz. R. Protective Ord. Proc. 42(a)(2), (b)(2). He offers two reasons to reverse that order. First, he contends the superior court lacked jurisdiction to enter the order because a family court matter was still active in the superior court. Second, he contends the evidence was insufficient to support an order of protection. We reach each argument in turn.

## I.        Superior Court Jurisdiction.

**¶9**        Madril first argues the superior court lacked jurisdiction to enter the order of protection here because Child was involved in another family court matter. He relies on A.R.S. § 13-3602(T). That reliance is misplaced because Madril is not a party to that family court matter.

## II.        Order of Protection.

**¶10**        We review an order of protection for an abuse of discretion. *Savord*, 235 Ariz. at 259, ¶ 10. "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009) (citation omitted).

---

[1]        Father filed no answering brief, but we decline to find a confession of error because there is no debatable issue, *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9 (App. 2014), and a child's future hangs in the balance, *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966) (refusing to treat lack of answering brief as confession of error when children would be adversely affected).

¶11 The record has ample evidence to support the superior court's decision. To issue an order of protection, the court need only find reasonable cause to believe that Madril may commit an act of domestic violence or has committed an act of domestic violence within the past year. A.R.S. § 13-3602(E). Domestic violence is broadly defined to include child abuse. A.R.S. § 13-3623. The court heard Father's testimony, the recorded conversation between Child and the doctor, and pictures of Child's injuries. It is not our role to reweigh that evidence. *State v. Buccheri-Bianca*, 233 Ariz. 324, 334, ¶ 38 (App. 2013).

## CONCLUSION

¶12 Because Madril shows no error, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AGFV