IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ZACHARY VANWORMER, *Petitioner/Appellee,*

*v.*

JASMINE MARIE LOPEZ, *Respondent/Appellant.*

No. 1 CA-CV 24-0165 FC
FILED 01-09-2025

Appeal from the Superior Court in Maricopa County
No. FC2024-090171
The Honorable Ashley Blair Rahaman, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Christopher R. Lazenby, Glendale
*Counsel for Respondent/Appellant*

Cordell Law, LLP, Tempe
By Scott C. Ghormley
*Counsel for Petitioner/Appellee*

**OPINION**

Judge Samuel A. Thumma delivered the opinion of the Court, in which
Presiding Judge Maria Elena Cruz and Judge Andrew M. Jacobs joined.

**T H U M A**, Judge:

¶1　　　　Jasmine Lopez (Mother) appeals from the grant of an order of protection, arguing the superior court erred in prohibiting her from having direct contact with Zachary Vanwormer (Father) and their young child. Because Mother has shown no error, the order is affirmed. Because Father has shown no basis for an award of attorneys' fees incurred on appeal, his request for fees is denied.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　The parties were never married, but have a child in common: C.V., born in September 2021. On January 16, 2024, Father filed a verified petition seeking a protective order against Mother, listing himself and C.V. as protected persons. Father alleged he had been unable to see his son for months, given a family court custody battle. On January 15, 2024, when Father picked up then two-year-old C.V. "for the first time in 6 months" from Mother's care, Father alleged C.V. "was covered head to toe in bruises." Mother told Father C.V. "fell in the bath and had a black eye and bruise on his back." The petition stated Father took the child to the hospital, where staff discovered C.V. had a broken arm "with evidence showing the arm may have been broken repeatedly in the past" and "confirmed that this was no accident."

¶3　　　　Based on the allegations in the verified petition, the superior court granted an ex parte order of protection prohibiting Mother from having direct contact with Father or C.V., also listing Father's residence as a protected location. After Mother was served with the order, she requested a contested evidentiary hearing, stating C.V. "was not injured as a result of me, and was in another person's care at the time."

¶4　　　　On February 1, 2024, the court held an evidentiary hearing. The court heard conflicting testimony from Mother, who was represented by counsel, and Father, who was self-represented, and also admitted exhibits showing C.V.'s injuries. After considering the conflicting evidence, the court found good cause to continue the order of protection, ordering that it remain in effect. The court found Father proved by a preponderance of the evidence that C.V. "was in [Mother's] exclusive care or control at the time the injuries were sustained;" that C.V.'s injuries were "consistent with the legal definitions of child abuse," which "include both the infliction or the allowing of the infliction of injury to a child," and that Mother "took no steps to protect the child from further injury when she observed unusual bruising."

**¶5**        Mother timely appealed. This court has appellate jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statutes (A.R.S.) sections 12–2101(A)(1) and –2101(A)(5)(b), and Ariz. R. Prot. Order P. 42(a)(2) and (b)(2) (2024).[1]

## DISCUSSION

**¶6**        The court may continue an order of protection after a contested hearing if the plaintiff proves the case by a preponderance of the evidence. *See* Ariz. R. Prot. Order P. 38(g)(3); *accord* A.R.S. § 12-3602(L). A decision to continue an order of protection is reviewed for an abuse of discretion. *Cardoso v. Soldo*, 230 Ariz. 614, 619 ¶ 16 (App. 2012). This court construes the evidence in a light most favorable to affirming the order, *Mahar v. Acuna*, 230 Ariz. 530, 534 ¶ 14 (App. 2012) (citing cases), giving "due regard to the trial court's opportunity to judge the credibility of the witnesses," *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009).

**¶7**        An order of protection may issue if the court determines there is reasonable cause to believe the defendant may commit an act of domestic violence, or has committed an act of domestic violence within the past year. A.R.S. § 13-3602(E). "Domestic violence," as applicable here, includes abuse of a child under A.R.S. § 13-3623. *See* A.R.S. § 13-3601(A). Abuse of a child, as applicable here, includes "abuse as defined in" A.R.S. § 8-201. *See* A.R.S. § 13-3623(F)(1). Section 8-201, in turn, defines "abuse" as including "the infliction or allowing of physical injury" to a child "caused by the acts or omissions of an individual who has the care, custody and control of a child." A.R.S. § 8-201(2)(a).

**I.        Mother Has Not Shown the Superior Court Erred in Continuing the Order of Protection.**

**¶8**        Mother argues the court erred in continuing the order of protection because Father did not provide evidence that she injured C.V. Instead, Mother argues C.V.'s "sitter" was "the person committing the acts of abuse or caring for the child while the injuries occurred." At the evidentiary hearing, Mother denied that the "sitter" was her boyfriend Josh Merrill. The superior court found the testimony was not credible. Now, on appeal, Mother admits that her boyfriend, Merrill, was the "sitter."

**¶9**        Mother states she provided the court a letter from Merrill "admit[ting] to the incidents causing the bruising and broken arm

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

happening in his care while [Mother] was not present or informed of the injuries." Rejecting this claim of ignorance, however, the superior court found that:

> one day before the photographs of the child's injuries were taken by [Father], [Mother] bathed with the child where each area of bruising would have been visible to her, and she did nothing to confront or question [Merrill] about the extensive bruising. Rather, she left her front door unlocked so [Merrill] could return to her home to spend time with her and the child and asked him to accompany her to a parenting time exchange.

The trial court has the discretion to weigh and assess conflicting evidence and credibility, and this court defers to those determinations. *See Mahar*, 230 Ariz. at 534 ¶ 14 (citing cases); *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347 ¶ 13 (App. 1998).

¶10 Mother's argument does not address or negate the court's finding that Mother "took no steps to protect the child from further injury when she observed unusual bruising," which is supported by the record. Pointing to a text message Mother wrote to Merrill, the court added that "it is difficult to imagine allowing these questions or concerns to go unanswered while permitting this individual to remain active in the care of [her] child." Even if Mother did not directly injure C.V., she continued to allow Merrill access to C.V. after she knew C.V. had been repeatedly injured while in his care.

¶11 Mother claims Father's only evidence of her "involvement is an email from a DCS investigator stating the allegations of physical abuse and neglect will be substantiated against [Mother] and the case is still open." The superior court, however, had a great deal more evidence than just the DCS email. Father's testimony, along with other evidence substantiating the allegations of abuse and neglect against Mother, amply supports the court's findings. Although Mother views the evidence differently, she has failed to show the record "is devoid of competent evidence to support the decision." *Michaelson v. Garr*, 234 Ariz. 542, 544 ¶ 5 (App. 2014) (citation omitted). In substance, Mother asks this court to reweigh the evidence on appeal, something this court will not do. *See Gutierrez*, 193 Ariz. at 347 ¶ 13; *accord Hurd*, 223 Ariz. at 52 ¶ 16 ("Our duty

on review does not include re-weighing conflicting evidence or redetermining the preponderance of the evidence.") (citation omitted).

¶12        Mother appears to argue that she, personally, had to injure C.V. before an order of protection could issue precluding her from having direct contact with the child. Not so. An individual may be guilty of abuse if, "having the care or custody of a child," that person "causes or permits the person or health of the child . . . to be injured" or "causes or permits a child . . . to be placed in a situation where the person or health of the child . . . is endangered." A.R.S. § 13-3623(A). Stated simply, Mother's argument is contrary to law.

¶13        The record fully supports the finding that Mother permitted C.V. "to be placed in a situation where the person or health of the child . . . is endangered." *Id.* Mother has thus shown no error in the court continuing the order of protection prohibiting Mother from having direct contact with Father or C.V.

## II.    Attorneys' Fees and Costs Incurred on Appeal.

¶14        Father requests attorneys' fees incurred on appeal pursuant to A.R.S. § 25-324(A), arguing that "Mother's positions and behavior" on appeal "have been unreasonable at a minimum." That statute allows a court to make a discretionary fee award in "any proceeding under this chapter or chapter 4, article 1 of this title." A.R.S. § 25-324(A). "[T]his chapter" is chapter 3, titled "Dissolution of Marriage," A.R.S. §§ 25-301 to – 381.24, while "chapter 4, article 1" is titled "Legal Decision-Making and Parenting Time," A.R.S. §§ 25-401 to – 418. A separate order of protection proceeding like this matter is not a proceeding under either of these alternatives.

¶15        A party involved in an order of protection proceeding may be eligible for an award of attorneys' fees and costs, albeit under a different statute. "After a hearing with notice to the affected party, the court may enter an order requiring any party to pay the costs of the action, including reasonable attorney fees, if any." A.R.S. § 13-3602(T); *accord* Ariz. R. Prot. Ord. P. 39(a) (authorizing an award of attorneys' fees and costs in order of protection proceedings) (citing A.R.S. § 13-3602(T), A.R.S. § 12-1809(P) (similar provision for injunction against harassment proceedings) and A.R.S. § 12-1810(P) (similar provision for injunction against workplace harassment proceedings)). In such proceedings, "[i]n determining whether to award costs or attorney fees, the judicial officer may consider: (1) the merits of the claim or the defense asserted by the unsuccessful party; (2) whether the award will pose an extreme hardship on the unsuccessful

party; and (3) whether the award may deter others from making valid claims." Ariz. R. Prot. Ord. P. 39(b).

**¶16** Father did not request an award of fees under A.R.S. § 13-3602(T) and did not discuss the applicable factors specified in Rule 39(b). Accordingly, he has not properly requested an award of attorneys' fees. *See* ARCAP 21(a)(2). As a result, this court declines to award Father attorneys' fees incurred on appeal. *Id.* Father is, however, awarded his taxable costs incurred in this appeal contingent upon his compliance with ARCAP 21.

## CONCLUSION

**¶17** The order of protection is affirmed.

