NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

LORIANNE THERESA BOWEN, *Petitioner/Appellee*,

*v.*

HUNTER BOWEN, *Respondent/Appellant*.

No. 1 CA-CV 24-0885 FC

FILED 12-05-2025

Appeal from the Superior Court in Coconino County
No. S0300PO202400051
The Honorable Cathleen Brown Nichols, Judge *Retired*

**VACATED AND REMANDED**

COUNSEL

DNA-People's Legal Services, Flagstaff
By Paul Garns
*Co-Counsel for Petitioner/Appellee*

Womble Bond Dickinson, Tucson
By Kory J. Koerperich
*Co-Counsel for Petitioner/Appellee*

Christiansen Law, Flagstaff
By Christopher L. Christiansen
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Cynthia J. Bailey joined.

_____

**W E I N Z W E I G**, Vice Chief Judge:

**¶1**          Hunter Bowen ("Father") appeals the superior court's continuance and amendment of an order of protection in favor of his ex-wife Lorianne Bowen ("Mother") and his two children. Because Father was denied due process, we vacate the order of protection.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**          We recount the facts in the light most favorable to sustaining the order of protection. *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014). Father and Mother married in 2018 and divorced in 2022. They shared parenting time with their two natural children under the divorce decree.

**¶3**          Mother petitioned for an order of protection against Father ex parte in September 2024. She listed only the children as the protected parties, then four and six years old. She alleged Father had abused the children, explaining she had recently walked in on the children performing sexual acts on one other. Asked what they were doing, the children told Mother they had watched Father and his girlfriend engage in the acts in the bedroom they shared with Father while staying at his home. Mother filed a police report and contacted the Department of Child Safety.

**¶4**          The superior court granted an ex parte order of protection for the children. Father unsuccessfully moved to dismiss the order of protection, and the court scheduled an evidentiary hearing for October 1, 2024.

**¶5**          Mother moved for a continuance to gather more evidence, adding she planned to introduce evidence of Father's domestic violence history and more incidents of the children's sexual behavior. A list of the new allegations was attached to her motion. Mother did not indicate she planned to seek her own order of protection. The court granted a one-week continuance.

¶6      At the evidentiary hearing, Mother orally moved to amend the petition for an order of protection to include herself based on allegations that Father had engaged in domestic violence against her between 2019 and 2022. She also orally moved to add allegations, including more inappropriate behavior by the children and that Father once headbutted one child. Father denied all but his 2019 domestic violence conviction related to Mother. He admitted the children slept in the same room as him and his girlfriend but denied having sex in front of them.

¶7      The superior court granted an amended order of protection for Mother and the children, allowing Father to communicate with Mother about the children only through the Our Family Wizard application. Father timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1), (5)(b). *See also* Ariz. R. Protective Ord. Proc. 42(a)(2), 42(b)(2).

## DISCUSSION

¶8      Father argues the superior court violated his due process rights by failing to offer a continuance or recess after Mother orally amended her petition for an order of protection at the contested hearing. We review an order of protection following an evidentiary hearing for an abuse of discretion, but review questions of law de novo, *Shah v. Vakharwala*, 244 Ariz. 201, 202, ¶ 5 (App. 2018), including whether due process rights have been infringed, *Savord v. Morton*, 235 Ariz. 256, 260, ¶ 16 (App. 2014). We view the evidence in the light most favorable to sustaining the superior court's decision to continue and amend the order of protection. *Vanwormer v. Lopez*, 259 Ariz. 87, 89, ¶ 6 (App. 2025).

¶9      The Arizona Rules of Protective Order Procedure describe the process to obtain an order of protection. Ariz. R. Protective Ord. Proc. 23. A plaintiff may petition the superior court for the order of protection, and the court must determine whether reasonable cause exists to issue an order of protection. Ariz. R. Protective Ord. Proc. 23(a), (e)(1). The petition must (1) allege each specific act of domestic violence that will be relied on at the hearing and (2) name each person the plaintiff believes should be protected by the order. Ariz. R. Protective Ord. Proc. 23(b).

¶10      To secure an ex parte order of protection, the plaintiff must show "reasonable cause to believe that the defendant may commit an act of domestic violence or has committed an act of domestic violence within the past year or within a longer period if the court finds good cause exists to consider a longer period." Ariz. R. Protective Ord. Proc. 23(e)(1). The court must make "[a] separate reasonable cause determination" for all persons

"listed in the petition, including any child with whom the defendant has a legal relationship." Ariz. R. Protective Ord. Proc. 23(e)(2). When both parties appear at the contested hearing, "[t]he judicial officer must ensure that both parties have an opportunity to be heard, to present evidence, and to call and examine and cross-examine witnesses." Ariz. R. Protective Ord. Proc. 38(g)(1).

¶11 The Arizona Rules of Protective Order Procedure also describe how plaintiffs may amend their petitions during the contested evidentiary hearing. Ariz. R. Protective Ord. Proc. 38(d). When a plaintiff seeks to amend her petition, the superior court must offer three options to the defendant, including (1) a continuance, (2) a recess or (3) an explanation of the first two options and the opportunity to waive them. Ariz. R. Protective Ord. Proc. 38(d)(2).

¶12 The superior court did not comply with Rule 38(d)(2). Mother orally moved to amend her petition at the evidentiary hearing, seeking to add herself as a protected party and supplement her allegations. At that point, the court needed to offer Father a continuance or a recess. *See* Ariz. R. Protective Ord. Proc. 38(d)(2). It did not. Father even moved for a continuance after Mother presented her case, but the court denied his request as untimely. That violated Father's due process rights. *See Savord*, 235 Ariz. at 259–60, ¶¶ 16–17 (holding that a defendant's due process is violated when additional allegations are presented without sufficient notice to adequately prepare a defense).

¶13 Mother argues she offered Father notice of the additional allegations and her intent to amend the petition. She points to her request to continue the hearing and an email before the hearing, which included more allegations. This disclosure, she contends, satisfied Rule 38(d)(1). We disagree. Rule 38(d)(1) requires that the court allow the plaintiff to amend the petition "in writing on a form provided by the court" which the court must "immediately provide to the defendant[.]" Ariz. R. Protective Ord. Proc. 38(d)(1). Mother acknowledges her two pre-hearing lists were not put into a written amended petition or given to Father by the court. The court did not comply with Rule 38(d)(1). We need not decide whether this deficient procedure alone violated Father's due process rights because the court further disregarded the procedures in Rule 38(d)(2).

¶14 Mother also argues that Father suffered no prejudice if Rule 38(d) was violated. *See Flynn v. Flynn*, 257 Ariz. 1, 5, ¶ 12 (App. 2024) (finding failure to follow order of protection procedure before imposing firearm restriction was not reversible error absent prejudice). She insists

that Father had adequate time to prepare a defense because (1) she provided notice of the new allegations, (2) some of the new allegations were only cumulative to the original allegation and (3) he brought three witnesses to the hearing.

¶15        We disagree that Father was not prejudiced.  At a minimum, Father sought a continuance after Mother rested her case, which the court denied.  Had the superior court complied with Rule 38(d)(2), Father would have learned of and possibly exercised his right to request a continuance at the start of the hearing.  The court's failure to follow Rule 38(d) contributed to Father's delayed request for a continuance.

¶16        Moreover, the new allegations were not merely cumulative. First, Mother added an allegation about an unrelated child, not just the parties' two children.  Second, the allegation that Father headbutted one child involved a different kind of conduct than previously alleged.  A continuance might have given Father time to consult an attorney (as he requested during the evidentiary hearing) or speak to potential witnesses about the new allegation.

¶17        We vacate the order of protection and remand for a second evidentiary hearing.  On remand, we remind the superior court about two legal requirements.  First, the court must find good cause to consider incidents of domestic violence more than one year old.  *See* A.R.S. § 13-3602(E)(2).  Second, the enumerated offense of child abuse requires a medical diagnosis when premised on emotional damages alone.  A.R.S. §§ 13-3623(B), 8-201(2)(a) ("Abuse" is "the infliction of or allowing another person to cause serious emotional damage as evidenced by severe anxiety, depression, withdrawal or untoward aggressive behavior and which emotional damage is diagnosed by a medical doctor or psychologist.").

## CONCLUSION

¶18        We vacate and remand the order of protection for further proceedings consistent with this decision.

